[No. 21089.   Department Two.—August 31, 1894.]

THE PEOPLE, RESPONDENT, v. JOHN WELLS, AP-
PELLANT.

CRIMINAL LAW—PERJURY—EVIDENCE—CONSTRUCTION OF CODE—PROOF OF
FALSITY.—Section 1968 of the Code of Civil Procedure, which pro-
vides that perjury must be proven by the testimony of two witnesses,
or one witness and corroborating circumstances, clearly means that the
falsity of the accused's statements must be shown to the jury by the
positive testimony of two witnesses, or of one witness and circumstances
corroborating the statement of such witness, in order that the defend-
ant may be legally convicted of the crime of perjury.

ID.—TESTIMONY UPON CHARGE OF LARCENY—INSUFFICIENT PROOF OF
FALSITY.—Upon the trial of a defendant for the crime of perjury, where
it appears that the alleged false testimony was given upon the trial of
a defendant charged with stealing a cow, and consisted of a statement
by the witness that he met the cow upon the highway going towards
defendant's barn, but the requisite positive testimony of one witness
that such meeting did not take place is lacking, the proof is insufficient
to prove the perjury.

APPEAL from a judgment of the Superior Court of
Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Frank H. Short*, for Appellant.

*Attorney General W. H. H. Hart, Deputy Attorney Gen-
eral William H. Layson*, and *Firman Church*, for Re-
spondent.

GAROUTTE, J.—The appellant has been convicted of
the crime of perjury, and now appeals from the judg-
ment and order denying his motion for a new trial.

Section 1968 of the Code of Civil Procedure provides
that perjury must be proved by the testimony of two
witnesses, or one witness and corroborating circum-
stances. This declaration of the code clearly means
that the falsity of the accused's statements must be
shown to the jury by the positive testimony of two wit-
nesses, or of one witness and circumstances corroborat-
ing the statement of such witness, in order that the
defendant may be legally convicted of the crime of per-

jury. In other words, the law prescribes a different rule of evidence in this class of cases, both as to the kind and amount, as compared to the great majority of violations of the law. The rule is different as to the kind of evidence, for positive evidence is absolutely necessary, and circumstantial evidence alone is never sufficient. Again, for nearly all violations of the law, the evidence of one credible witness is sufficient to support a conviction; but in prosecutions for perjury the rule is clearly to the contrary.

In the present case, one Dillwood was upon trial charged with grand larceny in stealing a cow, the cow being found in Dillwood's barn about eleven o'clock, A. M., and having been stolen some miles away upon the previous night. The defendant in this case appeared at the trial as a witness in Dillwood's interest, and testified that about eight A. M. of the same morning he was traveling in his cart upon the public highway near Dillwood's house, and met this cow upon a bridge, the cow then going towards Dillwood's house, and that he then saw Dillwood drive the cow into his barn, and at that time Dillwood stated that the cow was not his cow. It was alleged in the information that this testimony was false, and the charge of perjury is based thereon. We will not enter into a discussion as to the materiality of this evidence as bearing upon the grand larceny charge, but will concede it to be material. It is then left for us to consider the sufficiency of the evidence introduced at this trial to support the verdict.

As we have already suggested, in order that the evidence may be sufficient, there must be positive testimony to a contrary state of facts from that sworn to by the defendant at the previous trial. For instance, to support the charge of perjury as to the alleged false statement of defendant that he met the cow at the time stated upon this particular public highway, it was necessary to produce the positive testimony of one witness at least that such meeting did not take place, as that the defendant was not at that time at that place, or that

the cow was not there; and the same rule is equally applicable to the remaining portions of the alleged false testimony. The corroborating circumstances disclosed by the record are sufficiently established, but the one witness to furnish the positive testimony of the commission of the perjury was not produced at the trial. The record discloses no witness who testifies that the aforesaid meeting between the defendant and the cow did not take place. The falsity of defendant's statements as to the alleged meeting may well be termed the *corpus delicti*, and in cases like the present the *corpus delicti* must be proven by the positive evidence of at least one witness. The defendant's testimony given in the grand larceny case, and, as set out in the information, is only proven to be false by incidents and circumstances occurring at other times and places. And, while such evidence in a case of the present character is proper, as furnishing the corroborating circumstances required by the section of the code we have quoted, it in no sense takes the place of the positive and direct evidence of one witness as to the *corpus delicti* demanded by the statute.

As supporting the general principle that the direct testimony of one witness is necessary to prove the charge of perjury, see 1 Greenleaf on Evidence, section 257, and 3 Russell on Crimes, marginal page 78. In the case of *United States* v. *Wood,* 14 Pet. 430, it is held that a person may be convicted of perjury upon certain kinds and classes of documentary evidence, and thus the offense proven without the testimony of a living witness; but it is said in that case: "It must be conceded no case has yet occurred in our own or the English courts where a conviction for perjury had been had without a witness speaking to the *corpus delicti* of the defendant, except in a case of contradictory oaths by the same person." As to whether or not a confession of the defendant would be sufficient evidence to stand in lieu of the testimony of the one witness, we are not called upon to decide, as the evidence found in the record per-

taining to an alleged confession is wholly insufficient to prove it.

For the foregoing reasons the judgment and order are reversed and a new trial ordered.

McFARLAND, J., and FITZGERALD, J., concurred.