[No. 21111.   Department One.—October 27, 1894.]

## THE PEOPLE, RESPONDENT, *v.* DANIEL M. PORTER, APPELLANT.

CRIMINAL LAW — PERJURY — SUFFICIENCY OF PROOF — CIRCUMSTANTIAL EVIDENCE.—Perjury must be proven by the testimony of two witnesses, or of one witness and corroborating circumstances, and the evidence, in each case of a defendant charged with perjury, must be weighed and measured by that test; and evidence of circumstances alone, without the positive testimony of a witness to facts absolutely incompatible with the innocence of the accused, is insufficient to justify a conviction.

ID.—PERJURY BY INSOLVENT—DEPOSIT IN SAVINGS BANK IN NAME OF WIFE.—Upon a charge of perjury against an insolvent debtor by a false oath to his petition and schedule, in fraudulently omitting money therefrom, proof that ten days after the filing of his petition in insolvency his wife, accompanied by himself, deposited to her credit a sum of money in a savings bank, without further evidence or testimony showing that the money deposited by the wife was the money of the husband at the time of filing his petition in insolvency, is insufficient to support a conviction of perjury.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George A. Knight, Knight & Heggerty,* and *Spalsbury & Burke,* for Appellant.

*District Attorney Carl E. Lindsay, Attorney General W. H. H. Hart,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

GAROUTTE, J.—Appellant was convicted of the crime of perjury, and appeals from the judgment and order denying his motion for a new trial. It appears by the information that the perjury charged against the appellant, and of which he was convicted, consisted in taking a false oath to his petition and schedules in insolvency; and the falsity of the oath consisted in the statement that he intentionally and fraudulently omitted therefrom certain of his property, to wit, "money and other personal effects." It is now claimed that the evidence is not sufficient to support the verdict, and, upon a careful examination of the record, we have arrived at that conclusion.

The salient points in the evidence upon which the people rely for a conviction may be briefly stated as follows: 1. Appellant was engaged in the business of carrying on a sawmill for the manufacture of lumber; 2. About ten days prior to the day upon which his petition in insolvency was filed, and in the after part of the night, his office and all his account-books were destroyed by fire (it was attempted to show that he was the cause of this fire, but the evidence wholly fails to support the claim); 3. During the ninety days preceding the day of the commission of the alleged perjury appellant collected large sums of money from his debtors, and, as shown by his schedule attached to his petition in insolvency, he had no money on hand at the time of the filing of the same (there is no evidence in the record indicating as to what disposition was made of these moneys); 4. Ten days after the filing of his petition in insolvency his wife, accompanied by himself,

deposited to her credit in the Hibernia Savings Bank of the city of San Francisco three thousand two hundred and fifty dollars. There are a few other matters of evidence disclosed by the record which we deem of little importance, and unnecessary to here detail. It is now claimed by the prosecution that this three thousand two hundred and fifty dollars deposited in the name of the wife in the Hibernia Bank was money of the appellant, belonging to him at the time he filed his petition and schedule in insolvency and took the aforesaid false oath, and that therein lies the commission of the perjury.

If the rule as to the character of evidence requisite to support a conviction upon a charge of perjury were the same as that demanded in all other cases, with a few exceptions, we would even hesitate, under such circumstances, to declare the charge here alleged proven, for a simple recital of this evidence could hardly be said to satisfy an unbiased, ordinary mind, beyond a reasonable doubt, that the money deposited in the bank by the wife was the money of the husband ten days prior to that time. Such a conclusion could only be reached after an indulgence in surmises, speculations, and conjectures not countenanced in criminal law. But whatever aspect the case may present, viewed in the light of the general and ordinary rules of evidence, the rule of evidence necessary to convict upon a charge of perjury is specially declared by the statute, and by that statute courts are bound. That rule declares that perjury must be proven by the testimony of two witnesses, or one witness and corroborating circumstances (Code Civ. Proc., sec. 1968), and this case must be weighed and measured by that test, and when so weighed and measured it wholly fails to meet the requirements of that provision of the law. There are neither two witnesses to the act of perjury nor one witness and corroborating circumstances. Possibly the corroborating circumstances are sufficiently proven, but the one witness demanded by the terms of the statute is lacking. It is contemplated by the statute

that there must be the testimony of one witness to facts that are absolutely incompatible with the innocence of the accused before a conviction is justified by the law, and there is no such evidence in this case. The principle here involved was considered and directly adjudicated upon in the recent case of *People* v. *Wells*, 103 Cal. 631, and the views of the court there expressed are again approved and declared the true rule in prosecutions charging the offense of perjury.

It becomes unnecessary to notice the remaining questions discussed.

For the foregoing reasons, the judgment and order are reversed and the cause remanded.

VAN FLEET, J., and HARRISON, J., concurred.