[Crim. No. 707. First Appellate District.—March 23, 1918.]

## THE PEOPLE, Respondent, v. A. J. HILL, Appellant.

CRIMINAL LAW — PERJURY — FALSE TESTIMONY—SUFFICIENCY OF INFORMATION.—An information charging a witness in a criminal action with perjury in testifying falsely therein sufficiently sets forth the controversy or matter in respect to which the offense was committed to comply with the provisions of section 966 of the Penal Code, where it is alleged that at a certain time in the superior court there was on trial a criminal action, and that it was then and there material to know where the defendant in such action was on a cer-

tain night, and whether on such night he was with the defendant in the present action.

ID.—INDETERMINATE SENTENCE LAW—INAPPLICABILITY TO PREVIOUS OFFENSES.—The indeterminate sentence law is *ex post facto* as to crimes committed before it took effect.

ID.—ERRONEOUS SENTENCE—PROCEDURE.—A judgment of conviction will not be reversed for giving an indeterminate sentence for an offense committed before the law became effective, but the case will be remanded to the superior court with instructions to pronounce the proper sentence.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Burns & Watkins, and E. A. Williams, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was convicted in the superior court of Fresno County of perjury, and an indeterminate sentence of imprisonment in a state penitentiary was imposed upon him. He appeals from the judgment and from an order denying him a new trial.

The points insisted upon for a reversal of the judgment and order are that the court erred in overruling the demurrer to the information; insufficiency of the evidence to sustain the verdict; misconduct of the district attorney by which the defendant was prevented from having a fair and impartial trial, and that the court erred in not determining the period of the defendant's confinement.

Considering the first point raised, it appears that the information sets forth, among other things, that at a certain time in the superior court of the county of Fresno there was on trial a certain action in which the people of the state of California were plaintiff and Clarence C. Boling was defendant, and that it was then and there material to know in said action where the defendant Boling was on the night of December 6, 1915, and whether or not said Boling at said time stayed all night with Hill, the defendant in this case, at a place known as Hub. It is claimed that this is not a

sufficient setting forth of the controversy or matter in respect to which the offense was committed to comply with the provisions of section 966 of the Penal Code.

We think this statement of the indictment was a sufficient presentation of the matter in which it is charged that Hill committed the perjury complained of. The purpose of the requirement of setting forth the substance of the controversy or matter in which the perjury is alleged to have taken place is to inform the defendant of the offense with which he is charged, and this is as effectually done by the statement above given as if the whole proceedings of the trial had been incorporated in the information. The demurrer to the information on this ground was properly overruled.

The next, and main, point urged by the appellant for a reversal is the insufficiency of the evidence to sustain the verdict.

The verdict of the jury is that Hill, in testifying in the case of *People* v. *Boling* that Boling stayed with him in his camp at Hub on the night of December 6, 1915, testified falsely. In reaching this conclusion the jury had before them evidence of the following facts, among others: One Boling was informed against and tried in the superior court of Fresno County for the larceny of certain mules. Upon that trial, in attempting to establish an *alibi*, he produced Hill, the present defendant, as a witness in his behalf, who testified that Boling passed the night of December 6, 1915, with him in his tent at a little station called Hub, where he testified he was camping at the time. It appears that Hub is a very small community, containing but a few inhabitants. At the trial of the present case the prosecution called as witnesses a number of the residents of Hub, who testified to Hill's presence there at the end of December and the beginning of January, and that they had not seen him there prior to that time. The owner of the pasture in which Hill camped during his stay at Hub testified that the only time he saw Hill there was after December 27th. To the same effect is the testimony of Joe Fernandez near whose house the defendant was camped and who witnessed the arrival of Hill at Hub. Another witness testified to a horse trade with Hill at Hub on January 8th, and that Hill stayed at Hub but a few days and in any event not more than ten days. This testimony is sufficient to warrant the jury in finding that

Hill himself was not at Hub on December 6th, and that consequently Boling did not camp there with him on that night, even though there was contradictory evidence given by Boling and the defendant. The fact that the claim of defendant and Boling that the latter was at Hub on the night of December 6th was made at Boling's trial in an endeavor to relieve him of a charge of grand larceny was before the jury. It was also before them that Boling gave testimony contradictory of his claim that he visited Hub in December, and that he also stated a few days after December 6, 1915, that he passed that night in a barn. The jury had the right —which it evidently exercised—to entirely discredit the testimony of Boling and the defendant, and to base its verdict on other evidence which it considered more trustworthy.

The next contention of the appellant is that the district attorney was guilty of misconduct during the trial by which the defendant was prevented from being fairly and impartially tried.

Regarding this matter, the record shows that the prosecuting officer, during his argument to the jury, referred to some evidence contained in a transcript of the trial of *People* v. *Boling* concerning the finding of certain stolen mules in Boling's pasture. This transcript had been offered in evidence in the present case for the purpose of showing the materiality of Hill's testimony given in that trial, and had been so offered in the absence of the jury. It is the appellant's contention that this evidence was addressed solely to the judge of the trial court, and that the district attorney should not have referred to it in his argument to the jury. Appellant's counsel objected to the prosecuting officer's reference to this testimony, and requested that the jury be instructed to disregard it. It is apparent from the colloquy between the court and counsel at the time that the court was rather inclined to the view that the reference was proper, but the court closed the incident by saying: "I think I will take the view of the defendant and instruct the jury to disregard that part of it." The district attorney acquiesced in this by saying: "Very well, I don't oppose the order of the court." It is urged that this was not an instruction or admonition to the jury. There can be no doubt that it was intended to be such, and the district attorney at least so understood it, as is clear from his remark; and while it

might with advantage have been given much more emphatically, we cannot hold in the present case that the defendant was prejudiced by this manner of closing the incident, especially in view of the fact that it was well known to the jury that Boling was charged with the theft of the mules. Indeed, this point seems to be somewhat inconsistent with the point urged in support of the demurrer, that the indictment or information did not sufficiently set forth the substance of the controversy—a point based upon the omission to state in that pleading that Boling was charged with having stolen the very mules referred to in the district attorney's argument.

Finally, it is claimed by the appellant that the court erred in pronouncing upon him an indeterminate sentence.

The offense was committed before the indeterminate sentence law at present in force took effect, and this case stands upon the same footing in that respect as *Ex parte Lee,* a case recently decided by the supreme court on *habeas corpus,* and reported in 177 Cal. ——, [171 Pac. 958], in which it is held that the indeterminate sentence law is *ex post facto* as to crimes committed before it took effect. The case at bar comes within the authority of that case, and is one wherein the court should have pronounced judgment in conformity to the state of the law as it existed at the time of the commission of the offense. The indeterminate sentence is the only error we find in the record. We will not reverse the case therefor, but will remand it to the superior court, with instructions that such steps be taken as may be necessary to bring the defendant before it, and in accordance with the procedure adopted in *Ex parte Lee, supra,* pronounce judgment upon the defendant under the law as it stood at the time his crime was committed.

It is so ordered.