[Crim. No. 10.   Fourth Appellate District.—January 11, 1930.]

## THE PEOPLE, Respondent, v. WILLIAM R. McGEE, Appellant.

Sidney Sampson for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

BARNARD, J.—The defendant has appealed from a judgment after conviction on a charge of perjury alleged to have been committed on July 1, 1929, during the trial of one Walter Meeks, who was accused of having sold liquor at his home in Orange County on February 16, 1929, to one E. M. Perry.

At that trial Perry testified that on the morning of February 16, 1929, he went to the home of Meeks in Orange County and purchased some liquor from him at about 10

o'clock A. M. For the purpose of establishing an alibi, defendant testified that on that same forenoon the said Meeks was digging a ditch at defendant's home in Los Angeles, about thirty miles from the Orange County home of Meeks. This testimony is the basis of the perjury charge involved in this action.

The main ground of this appeal is the claim that there is a total absence of any positive testimony to prove the defendant guilty of the crime charged; that it was incumbent upon the prosecution to prove by direct testimony that defendant was not at his residence talking to Meeks at the time referred to; and that the record discloses no witness who directly testified that the meeting between defendant and Meeks did not take place at the place and hour in question.

It is true that perjury must be proved by the testimony of two witnesses, or one witness and corroborating circumstances (sec. 1968, Code Civ. Proc.; sec. 1103a, Pen. Code). This does not mean that it is necessary to produce someone who was present at the defendant's home on the morning of February 16, 1929, to testify that Meeks was not there at that time. It is, however, necessary to have positive testimony as to facts that are absolutely incompatible with the innocence of the accused. (*People* v. *Porter,* 104 Cal. 415 [38 Pac. 88]; 20 Cal. Jur., p. 1023.) Positive testimony of a state of facts contrary to that sworn to by the accused, or absolutely incompatible or physically inconsistent with his evidence, may be sufficient. (*People* v. *Chadwick,* 4 Cal. App. 63 [87 Pac. 384]; *People* v. *Casanova,* 54 Cal. App. 439 [202 Pac. 45, 47]; *People* v. *Follette,* 74 Cal. App. 178 [24 Pac. 502].) In *People* v. *Chadwick, supra,* the court said:

" 'Direct evidence' is declared in section 1831 of the Code of Civil Procedure to be 'that which proves the fact in dispute directly without an inference or presumption and which in itself, if true, conclusively establishes that fact.' Upon a trial for perjury, direct evidence is not limited to a denial *in ipsissimis verbis* of the testimony given by the defendant, but includes any positive testimony of a contrary state of facts from that sworn to by him at the former trial, or which is absolutely incompatible with his evidence, or

physically inconsistent with the facts so testified to by him.''

And in *People* v. *Casanova, supra:*

''The statute respecting the *quantum* of evidence necessary in perjury cases will be satisfied if there be the testimony of one witness to facts that are absolutely incompatible with the innocence of the accused, corroborated by circumstances which, of themselves and independently of such directly inculpatory evidence, tend, with a reasonable degree of certitude, to show that the accused is guilty as charged.''

In *People* v. *Wells,* 103 Cal. 631 [37 Pac. 529], a case relied upon by appellant, the court said:

''As we have already suggested, in order that the evidence may be sufficient, there must be positive testimony to a contrary state of facts to that sworn to by the defendant at the previous trial. For instance, to support the charge of perjury as to the alleged false statement of defendant that he met the cow at the time stated on this particular public highway, it was necessary to produce the positive testimony of one witness, at least, that such meeting did not take place, as that the defendant was not at that time at that place, or that the cow was not there, . . . ''

Applying the latter part of this language to the instant case, it would read: ''It was necessary to produce the positive testimony of one witness, at least, that such meeting did not take place, that the defendant was not *at that time at that place,* or that *Meeks was not there.''* The place in question was defendant's own home, and while there is no evidence that defendant was not there at the time involved, there is positive evidence that Meeks was not there at that time. The defendant had testified that Meeks and a man named Bland were digging the ditch in question on the morning of February 16, 1929; that they went to work that morning at 8 o'clock, and were still working there when he left at 9:30 or 9:45 A. M.; that he paid Meeks for a full half day's work on that day; that this was the last day of three days it had taken to dig the ditch; and that the entire sewer-pipe and connections were all installed later the same day. It was proved, however, that an application for a permit for the installation of this same sewer was signed by appellant, filed with, and approved by, the building department of the city of

Los Angeles on April 10, 1929, and a permit issued the same day. E. J. Rutherford, the plumbing contractor who installed the pipes and made the connections, testified that he did not do the work before the permit was issued, but that he did the work on April 10th, and that he ordered an inspection of the work by the city on April 11th. An assistant plumbing inspector of the city of Los Angeles testified that he inspected the work on April 12, 1929, and that the ditch was not over twenty-four to forty-eight hours old at that time. Bland, who helped Meeks dig the ditch in question, testified that he did not know whether the ditch was dug in April, May or June, but that the sewer was put in right away after the ditch was completed. On cross-examination, the defendant admitted the sewer was connected up by Rutherford in the month of April, and also stated that while he believed it was not installed at the same time it was connected, he did not know.

There is positive evidence that Meeks was not digging this ditch at defendant's house on February 16, 1929, as there is positive evidence that the ditch was not dug until April. There is positive evidence of a state of facts contrary to that sworn to by appellant, and absolutely inconsistent and incompatible with his testimony that Meeks was digging this ditch at his home on the morning of February 16th. There is no dispute that the ditch here referred to is the same ditch appellant referred to in his testimony. He testified that when he returned home around 12 o'clock on Saturday, February 16, 1929, the digging of the ditch had been completed, and Meeks and Bland had left, and that Rutherford, the contractor, was laying the sewer-pipe and completed the job about 2 o'clock. He also testified he had verified the date, by a receipt Rutherford had given him when he completed the work on February 16th. He claimed to have lost his receipt, but Rutherford testified he had not been paid for the work until some time after April 10th.

There was ample corroboration of the fact that Meeks was not digging a ditch at defendant's home at 9:30 or 9:45 of February 16, 1929. E. M. Perry testified that on the morning of February 16, 1929, he drove in his automobile to the home of Meeks on Smelzer Road near Huntington Beach Boulevard in Orange County; that Mr.

Mandele and another man followed him in another car; that he observed the premises for 10 minutes before he saw Meeks; that Meeks then came from within the house; that Meeks was about half dressed, having on a shirt and trousers, no necktie, and he did not think he had on any shoes or stockings; and that, after a short conversation, he went into the house with Meeks, where he purchased some liquor. Mandele testified that Perry and Meeks went into the house at exactly 10:05 and came out at 10:20. The county surveyor of Orange County testified that the distance between defendant's home in Los Angeles, where Meeks was supposed to be digging a ditch at 9:30 or 9:45, and the Orange County house, where Meeks had been for at least 10 minutes before 10:05, is approximately thirty miles. While it might have been humanly possible for Meeks to have been transported between the two points in the twenty-five minutes between 9:30 and 9:55, the entire circumstances, including the transition from digging a ditch in Los Angeles at 9:30 or 9:45, to being in his own home in Orange County at 9:55, and coming out partially dressed, shortly thereafter, are sufficiently improbable to furnish substantial corroboration of the positive testimony that the ditch digging occurred at a different date. Incidentally, it may be observed that Meeks himself very nearly admitted he was at his own home in Orange County on the occasion in question. While he was being examined by defendant's attorney, the following testimony was given by him: ''Q. Now Mr. Perry testified that he saw you at 12:05 or around 10 o'clock on the 16th of February without any clothes on —that you were just half-clad; Do you remember how you were dressed when Mr. Perry first saw you? A. Well, I think I was in a— Q. Or.did. you—I had better not put it that way. At this time when he is supposed to have seen you on the 16th of February, 1929? A. Well, I was working in Los Angeles on that day, and I had my working clothes on.'' The first question asked is so clear that the spontaneous answer, although not completed, is significant. We think the evidence is sufficient to sustain the finding of the jury that defendant did not see and talk with Meeks at the place and time claimed. (See *People* v. *Hill*, 36 Cal. App. 574 [172 Pac. 1114].)

Appellant also contends that the trial court erred in denying his motion for dismissal before the case went to the jury; in refusing to strike out certain testimony; and that a certain remark of the district attorney, in his argument to the jury, was prejudicial misconduct. All these contentions are based upon the theory held by appellant that it was incumbent upon the prosecution to prove that appellant did not see Meeks at the time and place testified to by him, by some witness who was actually then and there present. Under the view we take of this contention, these other points are without merit.

For the reasons given the judgment is affirmed.

Sloane, P. J., concurred.

Marks, J., deeming himself disqualified, took no part in the decision of this case.