[Crim. No. 2332. Second Appellate District, Division Two.—May 19, 1933.]

THE PEOPLE, Appellant, v. W. E. ABBOTT, Respondent.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, Buron Fitts, District Attorney, and Frank Stafford, Deputy District Attorney, for Appellant.

L. V. Beaulieu for Respondent.

STEPHENS, J. — Defendant (respondent here) was charged with grand theft, a felony, and a jury found him guilty. A new trial was granted after motion therefor and the People appeal.

The case is not free from difficulties. The defendant made some kind of a deal with one John G. Anderson, an old and illiterate man, whereby certain valuable certificates were indorsed to defendant and a promissory note for their face value was given to Anderson by defendant. Anderson testified that he turned the certificates over to defendant for collection and that the note was for the purpose of a receipt. Defendant says the transaction was in the nature of a loan. This produced a sharp conflict in the evidence. After indorsement of the certificates to defendant, he sold them and kept the proceeds. He was charged with grand theft before the due date of the note.

The jury was properly instructed that the charged crime included larceny, embezzlement or obtaining property by means of false or fraudulent representations or pretenses, or by larceny by trick and device.

After carefully reviewing the whole evidence and not only the parts thereof pointed out in the briefs, we have concluded that there was evidence sufficient to sustain (as against a direct appeal) the offense of embezzlement or of larceny by trick and device. But we find the court instructing the jury that the evidence is not sufficient to support a conviction on larceny by trick and device, and after instructing the jury that they could consider embezzlement only we find the court granting a new trial after verdict of guilty had been returned. From the wording of the instruction and from several statements of the court made during the trial, it is quite evident that this instruction and most probably the order for new trial were based upon the mistaken theory that the term "money" in the information does not embrace other property of valuable nature. ■ Under section 956 of the Penal Code, amended in 1927, it is provided, in effect, that if the information covers the act so that after trial thereon future trials would be barred, no variance results from misdescription of property stolen or from the naming of the wrong owner. (*People* v. *Fleming,* ■(Cal. App.) [17 Pac. (2d) 1042].)

As above indicated, the case was given to the jury under a specific instruction that embezzlement was the only offense that it could consider and in this instruction "money" is specifically mentioned.

During the argument upon the motion for a new trial it is apparent that the court considered that the charge was confined to theft of "money". Neither the deputy district attorney who tried the case for the People nor the attorney for defendant take issue with the court on this point, but agree, as it appears from the instructions offered by them both and from the deputy district attorney's statement, that their theory of the issue tried was embezzlement of the money received from the certificates.

It is also clearly intimated by the court when it directed the filing of an amended information to contain a specific charge of obtaining certificates by trick and device that he

thought if a crime had been committed at all, that it was committed when defendant received the certificates. From this analysis it appears certain that court and counsel viewed the case throughout the trial and upon motion for new trial as being based upon the taking of money as distinguished from other property.

In these circumstances we must consider whether or not we should reverse the order granting a new trial. It is fundamental that a motion for a new trial is addressed to the discretion of the trial judge and the ruling will not be disturbed on appeal except upon a manifest and unmistakable abuse of discretion (2 Cal. Jur., p. 905; *Green* v. *Soule*, 145 Cal. 96, at p. 102 [78 Pac. 337]). All presumptions are in favor of the ruling made by the trial judge (20 Cal. Jur., p. 216). An order granting a new trial will be affirmed without regard to the particular reason given if there is a good and sufficient reason present (2 Cal. Jur., p. 808 and p. 813). But such reason must be within the terms of the motion. The motion for new trial was made upon three grounds: (1) Misdirection of jury in law and errors of law during trial; (2) Verdict against law and evidence; and (3) Newly discovered evidence which later on was abandoned. On the other hand we are confronted with the rule that notwithstanding it is the duty of the jury to take the law from the court, a verdict if in fact according to law will be sustained even though the jury has arrived at it through the disregard of an erroneous instruction. The case of *Altoona etc. Co.* v. *Integral etc. Co.*, 114 Cal. 100, 104 [45 Pac. 1047], followed by *O'Neill* v. *Thomas Day Co.*, 152 Cal. 357 [92 Pac. 856, 14 Ann. Cas. 970], and others cited therein, reversed the doctrine of *Emerson* v. *Santa Clara County,* 40 Cal. 543, that the verdict must be viewed in the light of the instructions. The reason for the rule is plainly recited in *O'Neill* v. *Thomas Day Co., supra,* and it would seem to be but common sense that where a defendant was fairly tried and the jury had found that he had done a certain act which was an offense against the law, that he should not escape punishment because of an erroneous statement of the law which the jury had not followed. But it cannot be said that the facts of the instant case present this premise. The physical fact of a transfer of the certificates is of and in

itself a legal act. The physical fact of a sale of certificates for money and a subsequent use thereof are of and in themselves legal acts. Whether these admitted acts were done under such conditions as to constitute an offense was the problem left to the jury. They found the defendant guilty and this guilt could under the law have been based upon embezzlement of the certificates or of the money for which they were sold. It could have been based upon larceny by defendant's obtaining the certificates by trick and device. As we have heretofore said, we think the evidence was sufficient as against an appeal to sustain a verdict upon either of these theories. But the only issue actually presented to the jury by the court and counsel for both sides was: Is defendant guilty of embezzlement of *money?* In these circumstances it would seem to be flying in the face of all reason to hold that the jury did in fact find the defendant guilty of embezzlement of the certificates or of having committed larceny by trick and device. If we hold that the conviction shall stand as based upon such offenses as there was substantial evidence to support, we find a defendant suffering the loss of a legal right, for through a mistake in law he has been deprived of his motion for a new trial for the conviction of any and all offenses other than for embezzlement of money. This offense, and this one only, was the subject of the motion and of the ruling for a new trial. Considering the wide difference between the right of the trial judge to consider the motion for new trial and an appellate court upon an appeal, this loss is most substantial. Had the judge considered the motion for new trial upon the other offenses the likelihood of its being granted as to all of them is enhanced by the state of the record, which shows that Anderson as a witness had great difficulty in understanding and in making himself understood by court and counsel. It is a fair presumption that the members of the jury likewise found difficulty in understanding his testimony.

There is another approach to this problem. If we here apply the rule that the verdict must be considered as based upon all or any of the offenses upon which there was substantial evidence given, presuming that the jury followed the law that "money" included the "certificates", then we should also presume that whenever the court used the term

"money" the term also included certificates. Under this theory the order granting a new trial would be as broad and no abuse of the court's discretion could be found. That this would be avoiding the plain fact through a resort to fiction is beyond dispute. We think the day has long since passed when courts are put to the use of fiction (or near-dishonesty with the immorality extracted to the vanishing point) to avoid a rule when it is not supported by the reason that created it. Upon either theory the order for a new trial must be affirmed unless there is other ground for reversal.

■ Appellant, however, argues that even if this be true, section 4½ of article VI of the Constitution should rescue the case from the fate of a new trial. We do not think this constitutional section permits us to consider the evidence of the whole case as a trial tribunal and sustain or reverse every judgment that reaches us upon our own "verdict". It does not intend to repeal the fundamental rights of trial by judge and jury where witnesses appear and their testimony may be given such weight as their words, conduct and appearance would seem to justify. There is certainly great doubt that the jury disregarded the court and found defendant guilty of one of the offenses excluded by the terms of the court's instructions. It is almost certain it did not. The defendant is entitled to a jury trial on all offenses charged against him before being punished for them and we should not take the chance of depriving him of such right upon unreasonable and strained constructions and presumptions.

The order granting the motion for a new trial is affirmed.

Works, P. J., and Parker, J., *pro tem.*, concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1933.

Curtis, J., dissented.