[Crim. No. 2651. First Dist., Div. Two. Aug. 21, 1950.]

THE PEOPLE, Respondent, v. JACK ERMON DIXON, Appellant.

David S. Lull for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

DOOLING, J.—The defendant was convicted on two counts of perjury and from the judgment and order denying his motion for new trial he prosecutes this appeal.

Appellant was the driver of an ambulance which was in an intersection collision resulting in an action for damages. That action was tried twice and in each trial appellant was a witness. He testified as to the speed of the ambulance on the first trial: "I can't—cannot, so I can't give a definite speed because I was not looking at the speedometer, but I would estimate that the car was doing between 20 and 30 miles an hour."

Referring to Frederick, the driver of the other car, he testified: "They were still in the car and didn't seem to be hurt or anything, appeared to be drinking, all seemed awfully happy . . . Yes, I spoke to Mr. Frederick . . . When I got to the hospital he was down there, I could smell, seemed to me I could smell it on his breath."

At the second trial the appellant testified: "I couldn't say the exact speed, I would estimate between 20 and 30 miles per hour."

The second trial resulted in a verdict for defendants and appellant swore to an affidavit which was used by plaintiff in that action in support of a motion for a new trial in which he stated under oath:

"The true facts are that: . . . I did not know whether or not Mr. Frederick was drinking; the ambulance was traveling at better than 50 miles per hour just prior to the accident . . .

"At the second trial of the case I falsely testified to substantially the same facts as in the first trial as above set forth, except that I did not testify in regard to the intoxication of Mr. Frederick. . . ."

This affidavit was made the basis of a third count of perjury on which defendant was acquitted.

Frederick was called as a witness and testified that at the

time of the accident: ''I would estimate it (the speed of the ambulance) at about 50 miles an hour.'' He gave further testimony that at that time he was not intoxicated, had not consumed any intoxicating liquor for several hours, and had no odor of alcohol about him.

Appellant argues that this did not satisfy the requirements of section 1103a, Penal Code, and section 1968, Code of Civil Procedure, in that the testimony of Frederick was not direct and positive evidence of the falsity of appellant's testimony.

The California cases require direct, as distinguished from circumstantial, evidence of the falsity of defendant's testimony by at least one witness. (*People* v. *Wells*, 103 Cal. 631 [37 P. 529] ; *People* v. *Porter*, 104 Cal. 415 [38 P. 88] ; *People* v. *Maxwell*, 118 Cal. 50 [50 P. 18] ; *People* v. *De Martini*, 50 Cal.App. 109 [194 P. 506].) Appellant's position seems to be that since appellant couched his testimony in the form of opinion or belief mere testimony of facts inconsistent with the correctness of that opinion or belief does not supply the direct proof required by the cases. If this is the true rule no defendant could ever be convicted of perjury in California if he was careful to qualify his testimony, no matter how willfully false, by the words, ''in my opinion,'' ''to the best of my belief'' or an equivalent, since no witness can testify directly to the state of another's mind.

It has been held in this state that: ''If a person willfully swears falsely to a belief in the existence of a fact which he knows does not exist he is as guilty of perjury as if he had sworn directly to the existence of a fact which he knew did not exist.'' (*People* v. *Agnew*, 77 Cal.App.2d 748, 755 [176 P.2d 724] ; *People* v. *Phillips*, 56 Cal.App. 291, 296 [205 P. 40].) In the Agnew case the only direct testimony was of two persons that they had never engaged in the activities with which the defendant Agnew had sworn ''on information and belief'' that they were connected. We are satisfied that the testimony of one witness directly contradicting the facts as to which a defendant has testified to his opinion or belief plus corroborating evidence which establishes that such opinion or belief was not in fact held by the defendant satisfies the requirements of our code.

In every case perjury must be knowingly false, and in every case the defendant's actual state of mind cannot be directly proved. It is for the jury to say in every case of perjury whether the defendant believed the truth of his testi-

mony when he gave it. (*People* v. *Todd,* 9 Cal.App.2d 237, 243-244 [49 P.2d 611].)

 There can be no doubt of appellant's guilt. His own affidavit and the transcript of his admissions to the officers after his arrest furnish ample corroboration of that. (*People* v. *Housman,* 44 Cal.App.2d 619, 627 [112 P.2d 944] ; *People* v. *Todd, supra,* 9 Cal.App.2d 237, 242; *People* v. *Albert,* 91 Cal.App. 774, 777 [267 P. 587].)

Appellant complains of misconduct of the district attorney in his argument to the jury. We do not condone some of the district attorney's language which in a close case might call for a reversal, but appellant's guilt is too obvious for us to hold that he suffered prejudice in this particular case.

Judgment and order affirmed.

Nourse, P. J., and Goodell, J., concurred.