[Crim. No. 10044. In Bank. Sept. 15, 1966.]

THE PEOPLE, Plaintiff and Appellant, v. LUCILLE MAE ROUBUS, Defendant and Respondent.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Appellant.

Frad, Ruggieri, Brunn & Lacey and A. M. Frad for Defendant and Respondent.

BURKE, J. — Lucille Mae Roubus was charged with perjury. At the close of the prosecution's case the court advised the jury to acquit her. (Pen. Code, § 1118.) Notwithstanding this advice, the jury returned a verdict of guilty. Defendant thereafter made a motion for a new trial on grounds (1) that, since there was no direct evidence of the falsity of her alleged perjured statement, the verdict was contrary to the law and the evidence and (2) that "because of the advised verdict, she did not put on her defense." The motion was granted, and the People appeal. (Pen. Code, § 1238, subd. 3.)

At the trial in 1964 of one Davenport for possession of a gun by a convicted felon Mrs. Roubus testified that she was, and had been for 6 or 8 years, the owner and possessor of the revolver in question. This testimony formed the basis for the perjury charge.

At the perjury trial H. MacDannald, a licensed firearms dealer, testified that in 1961 he sold a .22 revolver to James Grant. He stated that he had the record of his sale of firearms before him, and when asked regarding the information he had recorded concerning the sale to Grant, he replied, ". . . it was a Roscoe vest pocket, serial number T-492264, caliber 22 revolver, blue, new, made in Germany, length of barrel, two and a half; . . ." The prosecutor showed MacDannald the gun that had been referred to by defendant and asked if he could identify it. MacDannald replied, "This gun tallies with my record in the book." The prosecutor said, "Is this the same gun by your record that was sold to Mr. Grant?" and MacDannald answered "Yes." He further testified that the gun was a common type, that he had sold many of them during the past few years, and that the only way he could distinguish between such guns was by the serial number. He stated that he did not know if gun manufacturers occasionally use the same number on the same type gun and that he could not testify there were no other revolvers with the same number and description as the one in question but that he did not remember ever seeing two revolvers with the same number.

James Grant, who made the gun purchase from MacDannald, and Albert and Joe Henriques, subsequent transferees of Grant's gun, each testified that the gun he acquired "looks like" or was "similar to" the gun referred to by defendant in her alleged perjured statement but that he could not positively state it was the same gun.

When the motion for a new trial was granted the trial judge declared that he was granting the motion on the ground of insufficiency of the evidence because even though he was satisfied that defendant had intentionally committed perjury he did not think that there was any direct evidence of facts contrary to her testimony as required to establish perjury.

█ An order granting a new trial ordinarily will be affirmed on appeal without regard to the particular reason given if there is a good and sufficient reason present which is within the terms of the motion. (*People* v. *Castro*, 133 Cal. 11, 12 [65 P. 13]; *People* v. *Flood*, 102 Cal. 330, 331 [36 P. 663]; *People* v. *Abbott*, 132 Cal.App. 109, 112 [22 P.2d 566]; see *People* v. *Perkin*, 87 Cal.App.2d 365, 367 [197 P.2d 39].) █ The

trial judge has broad discretion in passing upon such a motion, and his action will not be disturbed on appeal unless the record clearly shows an abuse of discretion. (*People* v. *Robarge*, 41 Cal.2d 628, 633 [262 P.2d 14]; *People* v. *Sarazzawski*, 27 Cal.2d 7, 16 [161 P.2d 934]; *People* v. *Ferlin*, 203 Cal. 587, 596 [265 P. 230].)

Perjury must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances. (Pen. Code, § 1103a; Code Civ. Proc., § 1968.) This statutory provision has been interpreted as prescribing not only the amount but also the kind of evidence necessary to support a perjury conviction. (*People* v. *Wells*, 103 Cal. 631, 632 [37 P. 529]; *People* v. *Di Giacomo*, 193 Cal.App.2d 688, 693 [14 Cal.Rptr. 574]; *People* v. *O'Donnell*, 132 Cal.App.2d 840, 845 [283 P.2d 714]; *People* v. *Burcham*, 69 Cal.App. 614, 619 [232 P. 149].) ██ Direct, as distinguished from circumstantial, evidence of the falsity of the defendant's testimony by at least one witness is generally required.[1] (*People* v. *Rodley*, 131 Cal. 240, 257, 261-262 [63 P. 351]; *People* v. *Maxwell*, 118 Cal. 50, 51 et seq. [50 P. 18]; *People* v. *Porter*, 104 Cal. 415, 417-418 [38 P. 88]; *People* v. *Wells, supra*, 103 Cal. 631, 632; *People* v. *O'Donnell, supra*, 132 Cal.App.2d 840, 845; *People* v. *Dixon*, 99 Cal.App. 2d 94, 96 [221 P.2d 198].) This does not mean that there must be a denial in the very words of the defendant's testimony (*People* v. *Macken*, 32 Cal.App.2d 31, 35 [89 P.2d 173]; *People* v. *McGee*, 103 Cal.App. 149, 150 [284 P. 229]; *People* v. *Chadwick*, 4 Cal.App. 63, 70 [87 P. 384, 389]) but that there must be testimony by at least one witness furnishing direct evidence of facts contrary to, or absolutely incompatible or physically inconsistent with, that sworn to by the accused. (*People* v. *Wells, supra*, 103 Cal. 631, 632; *People* v. *Baranov*, 201 Cal.App.2d 52, 58 [19 Cal.Rptr. 866]; *People* v. *Di Giacomo, supra*, 193 Cal.App.2d 688, 692; *People* v. *O'Donnell, supra*, 132 Cal.App.2d 840, 844 et seq.; see 2 Witkin, Cal. Crimes (1963) § 856, pp. 803-804.) ██ Evidence that establishes facts from which the falsity of an alleged perjured statement may or may not be inferred is insufficient under the direct evidence rule. (*People* v. *Di Giacomo, supra*, 193 Cal. App.2d 688, 695.)

---

[1]In some jurisdictions exceptions to the rule requiring direct evidence of falsity have been recognized. (*United States* v. *Wood*, 39 U.S. (14 Pet.) 430, 436 et seq. [10 L.Ed. 527]; *Radomsky* v. *United States*, 180 F.2d 781, 783; see Note 88 A.L.R.2d 852, 868-871.) No claim is made that the instant case comes within any of the exceptions, and we need not consider their applicability in this state.

The rule requiring proof of falsity by direct evidence has been criticized. (See e.g. 30 So.Cal.L.Rev. 1, 13.) However, this requirement was early established in this state by decisions construing our statutory provision. It is noteworthy that a majority of jurisdictions which apply the rule that falsity must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances, hold that circumstantial evidence alone is generally insufficient to establish falsity. (See 3 Wharton's Crim. Evid. (12th ed.) § 956.1 [1966 Supp.] ; Note 88 A.L.R.2d 852, 856, 859-871.) If the rule requiring direct evidence is to be abrogated, such change should be made by the Legislature.

"Direct evidence is that which proves the fact in dispute, directly, without an inference or presumption, and which in itself, if true, conclusively establishes that fact. For example : if the fact in dispute be an agreement, the evidence of a witness who was present and witnessed the making of it, is direct." (Code Civ. Proc., § 1831.) "Indirect evidence is that which tends to establish the fact in dispute by proving another, and which, though true, does not of itself conclusively establish that fact, but which affords an inference or presumption of its existence. For example : a witness proves an admission of the party to the fact in dispute. This proves a fact, from which the fact in dispute is inferred." (Code Civ. Proc., § 1832.)

█ Under the foregoing definitions it is clear that Mac-Dannald's testimony constituted direct evidence of the falsity of defendant's alleged perjured statement in 1964 that she was, and had been for 6 or 8 years, the owner and possessor of the revolver in question. As we have seen, MacDannald, while using his gun record, testified that he sold a new revolver with a specified description and serial number to Grant in 1961, and MacDannald further testified that the gun referred to by defendant in her statement was the same gun "by [his] record" that he sold to Grant.

It is apparent that in saying "by [his] record" MacDannald meant according to the notations in his record, as previously testified to by him. █ Where a proper foundation is laid a witness may, of course, use a document to refresh his recollection or may testify from the document although he retains no recollection of the particular facts. (Code Civ. Proc., § 2047; *People* v. *Burwell*, 44 Cal.2d 16, 35-36 [279 P.2d 744]; *Anderson* v. *Souza*, 38 Cal.2d 825, 832 [243 P.2d 497].) █ MacDannald's testimony showing the basis for his identification of the gun and his statement that he could

not testify there were no other revolvers with the same number and description went to the weight of his testimony identifying the gun.

The facts directly established by MacDannald are wholly incompatible with defendant's alleged perjured statement. Thus the claim that there was no direct evidence of the falsity of defendant's statement was contrary to the record and did not warrant the granting of her motion for a new trial.

We have concluded, however, that the second ground of the motion was a sufficient reason to grant a new trial. As previously stated, defendant argued that "because of the advised verdict, she did not put on her defense." A new trial may be granted "When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial. . . ." (Pen. Code, § 1181, subd. 5.) When the court at the close of the prosecution's case advised the jury to return a verdict of acquittal, the case went to the jury at that time without any evidence introduced by defendant. The jury found her guilty without hearing her defense, and under the circumstances it does not appear that she had a fair trial.

There being a good and sufficient reason within the terms of the motion for a new trial, it was not an abuse of discretion for the trial court to grant the motion and it will not be disturbed on appeal.

The order granting a new trial is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Mosk, J., concurred.