**UNITED STATES of America,
Appellee,**

v.

**John Roderick PEET, Appellant.**

**No. 24620.**

United States Court of Appeals
Ninth Circuit.

Dec. 22, 1969.

Rehearing Denied Feb. 19, 1970.

Charles C. Marson (argued), Paul N. Halvonik, San Francisco, Cal., for appellant.

John Milano (argued), Jerrold M. Ladar, Paul G. Sloan, Asst. U. S. Attys.,

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, DUNIWAY and TRASK, Circuit Judges.

TRASK, Circuit Judge:

This is an appeal by John Roderick Peet from his conviction on a two count indictment charging destruction of his Selective Service Notice of Classification in violation of 50 U.S.C.App. § 462(b) (3) (count one) and failure to report for induction into the Armed Forces of the United States in violation of 50 U. S.C.App. § 462(a) (count two).

Peet requested a conscientious objection (I-O) classification from his Local Selective Service Board on December 15, 1966. Although his request appeared to stem from well-considered and religiously based convictions against war, he determined, before receiving a reply, that he would refuse to cooperate with the Selective Service System and would not accept civilian work even if classified I-O. On August 1, 1967, he sent his Board a letter which stated, in part: "I WILL NOT COOPERATE WITH SELECTIVE SERVICE FROM THIS DATE. My only hope is that what I am doing will have some effect on God's world. God Bless You." On August 2, Peet's Board sent him a Notice of Classification (Selective Service Form No. 110) which informed him that he had been classified I-A (available for military service). He did not appeal this classification and, on August 18, he burned this notice at a public demonstration on the front lawn of the City Hall at Walnut Creek, California during a three-day vigilant fast to protest the draft and the Vietnam War. An indictment charging him with this offense was filed on January 3, 1968.

Peet's Local Board ordered him to report for a physical examination on January 22, 1968. He appeared at the examining station on that date and began to distribute leaflets which opposed the United States policy in Vietnam. When he refused to surrender the leaflets dur-ing the pendency of the examination, he was ejected from the station. On February 12, the Board advised Peet that he might be declared a delinquent pursuant to Selective Service Regulation 1642.-3(a), 32 C.F.R. § 1642.3(a), because of his "failure to cooperate and complete physical examination."

Peet responded by letter from his attorney denying that he was delinquent but not offering to appear and complete his physical examination. Prior to his receiving his I-A classification he had announced his intention not to cooperate further and sent a letter to his draft board to this effect as set out above. He testified to the same intent at the trial and his conduct was consistent with those pronouncements. He was sent a Delinquency Notice on March 4 and, on May 17, was ordered to report for induction on June 20. He failed to report as ordered.

On October 23, 1968, appellant was indicted for destroying his Notice of Classification and failing to report for induction. He was convicted on both counts at jury trial on April 22, 1969, and was sentenced to concurrent sentences under the Youth Corrections Act, 18 U.S.C. § 5010(b). We affirm as to count one and decline to consider count two.

### (1) *Destruction of Notice of Classification*

■ Appellant asserts that his act of burning his Notice of Classification is not an offense under 50 U.S.C.App. § 462(b). That statute reads, in pertinent part, "Any person * * * (3) who * * * knowingly destroys * * * any such certificate * * * shall, upon conviction, be fined * * * or be imprisoned * * * or both." The phrase "such certificate" refers to § 462(b) (1) and includes "any registration certificate * * * issued pursuant to or prescribed by the provisions of this title or rules or regulations promulgated hereunder." Appellant argues that a "Notice of Classification" is not a "certificate"

and thus its destruction is not an offense under the statute.

The Supreme Court held in United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), that the destruction of a Registration Certificate (commonly called a draft card) did not constitute free speech under the First Amendment and was an offense under the statute. Although the Court did not pass upon the illegality of the destruction of a Notice of Classification, it considered that such a notice was a "certificate". The Court repeatedly referred to both the Registration Certificate and the Notice of Classification as "certificates."

> "Both the registration and classification certificates are small white cards, approximately 2 by 3 inches. * * *
>
> * * * * * *
>
> "The classification certificate shows the registrant's name, Selective Service number, signature, and eligibility classification. * * *
>
> * * * * * *
>
> "Congress demonstrated its concern that certificates issued by the Selective Service System might be abused * * *. The 1948 Act * * * prohibited many different abuses involving 'any registration certificate, * * * or any other certificate issued pursuant to or prescribed by the provisions of this title, or rules or regulations promulgated hereunder * * *.' In addition, as previously mentioned, regulations of the Selective Service system required registrants to keep both their registration and classification certificates in their personal possession at all times. * * *
>
> * * * * * *
>
> "The issuance of certificates indicating the registration and eligibility classification of individuals is a legitimate and substantial administrative aid in the functioning of this system." 391 U.S. at 373, 374, 377, 88 S.Ct. at 1677, 1679. (Emphasis supplied.)

The only reported case to squarely consider this question has held that Congress intended to use the word "certificate" to embrace a Notice of Classification. United States v. Miller, 249 F. Supp. 59, 61 (S.D.N.Y.1965), aff'd 367 F.2d 72 (2d Cir.1966), cert. denied, 386 U.S. 911, 87 S.Ct. 855, 17 L.Ed.2d 787 (1967). We agree with this decision

### (2) *Failure to report for induction*

■ Appellant asserts that he had no duty to obey his induction order as the order had no basis in fact because (a) the declaration of delinquency was void in that his distribution of leaflets at the examining station was protected free speech under the First Amendment, and (b) the board's use of the delinquency regulations to accelerate his induction was for a punitive purpose in violation of his right to due process of the law. Since the sentence upon this count runs concurrently with the sentence on count one, which we have affirmed, it is unnecessary for us to consider these issues. Lawn v. United States, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); United States v. Romano, 382 U.S. 136, 138, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); Ayala v. United States, 371 F.2d 515, 516 (9th Cir.1967); Osborne v. United States, 371 F.2d 913, 929 (9th Cir.1967).

### (3) *Alleged denial of speedy trial*

■ Appellant destroyed his Notice of Classification on August 18, 1967 and was indicted therefor on January 22, 1968. He claims that the postponement of his trial until April 22, 1969 constituted a denial of his Sixth Amendment right to a speedy trial. We consider that under the circumstances of this case where, in the interval between indictment and trial, appellant committed a second offense necessitating an amended indictment to include that offense, where there was no showing of prejudice arising out of the delay, and where appellant was not incarcerated during the interval, there was no denial of Sixth

Amendment rights. This matter was thoroughly argued before the trial court which is in a particularly good position to pass upon the question.

Judgment affirmed.