**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Philip Michael AYALA, Defendant-
Appellant.**

No. 71-2850.

United States Court of Appeals,
Ninth Circuit.

Aug. 21, 1972.

Rehearing Denied Sept. 29, 1972.

Martha Goldin, of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

William John Rathje, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Elgin Edwards, Eric A. Nobles,

Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and ANDERSON,* District Judge.

DUNIWAY, Circuit Judge:

Ayala was charged in a four-count indictment with violations of 50 U.S.C. App. § 462. The charges were: Count One, that Ayala secured disqualification for military service by falsely representing that he was undergoing active orthodontic treatment; Count Two, that he knowingly caused a false, improper and incorrect physical examination to be made at the Armed Forces Examination and Entrance Station by making the same false representation; Count Three, that he received I–Y classification (not currently qualified for service in the Armed Forces), to which he was not entitled, by making the same false representation; Count Four, that he knowingly failed and neglected to inform his local board, between the period November 12, 1970, to about March 8, 1971, that he was not undergoing active orthodontic treatment, a fact regarding his physical condition that might have resulted in his receiving a different classification. A jury found him guilty on all counts.

█ Ayala argues that his conviction on each of the four counts was in error. However, Ayala's conviction on Count Four must be sustained. We therefore need not decide his contentions on the remaining counts. The sentences were concurrent. Johnson v. United States, 9 Cir., 1970, 427 F.2d 537, 539; United States v. Peet, 9 Cir., 1969, 420 F.2d 549, 551; United States v. Dunlap, 9 Cir., 1968, 404 F.2d 340, 341; Javor v. United States, 1968, 403 F.2d 507, 508; Ayala v. United States, 9 Cir., 1967, 371 F.2d 515, 516.

1. *Sufficiency of the evidence on Count Four.*

█ Ayala argues that the evidence on Count Four is not sufficient to sustain the verdict. We find it sufficient.

Section 1641.7(a) contains the following relevant provisions:

"It shall be the duty of every classified registrant to keep his local board currently informed of his . . . physical condition. . . . Every classified registrant shall, within 10 days after it occurs, report to his local board in writing every change in . . . his physical condition. . . ."

Dr. Mark Silver, who examined Ayala at the Armed Forces Examination and Entrance Station on November 10, 1970, testified that Ayala was disqualified for military service for six months because he was undergoing active orthodontic treatment, and that a registrant not undergoing such treatment would be ineligible for a I–Y classification. This much appellant does not dispute.

He claims, however, that he wore the orthodontic appliances until March, 1971, at which time he personally removed the braces and immediately sent a letter to his local board indicating that they had been removed. Ayala, his wife, Susan Ayala, and a close friend, Steven Harvey, gave testimony to this effect at the trial.

Two government rebuttal witnesses contradicted the testimony. Pamala Everett, a social worker for Los Angeles County, testified that she saw Ayala on December 8 and December 18, 1970, in connection with his attempt to find employment. She stated that on neither of those occasions was Ayala wearing orthodontic braces, a matter that she would take care to note because it would bear on his overall health, and therefore his ability to obtain employment. She also said that when she interviewed Ayala he was receiving welfare benefits, and that, had he been wearing the braces, she would have inquired about how he paid for the orthodontic treatment, because his welfare benefits did not cover such treatment.

* Honorable J. Blaine Anderson, United States District Judge, District of Idaho, sitting by designation.

Sandra Moore, an eligibility worker for the Department of Public Social Services in Glendale, California, testified that she interviewed Ayala on December 29, 1970, that his teeth were clearly visible because he smiled a great deal, and that he was not wearing orthodontic braces. She, too, would have noted whether he was wearing the braces, because this would influence his ability to obtain employment.

Finally, the government impeached the testimony of Steven Harvey, who testified that he had seen braces on Ayala's teeth between November, 1970, and March, 1971. On cross-examination Harvey admitted that he had told a policeman investigating the Ayala case that he had not seen Ayala since March, 1970. Harvey testified that his statement to the officer had been a lie.

These "conflicting stories . . . presented a question of fact to be passed upon by the jury at the time of trial, and by the trial judge on the motion for new trial." Bush v. United States, 9 Cir., 1959, 267 F.2d 483, 485, and cases there cited. The jury chose to believe the government's witnesses. If the jury believed that Ayala had removed his braces in early December, 1970, it could reasonably have inferred that at that time he was not receiving orthodontic treatment of any kind, and that he knowingly failed to inform his local board within the prescribed ten-day period that he was no longer receiving such treatment.

There is sufficient evidence to sustain Ayala's conviction on Count Four.

*2. The Court's instructions on Count Four.*

■■ Ayala also argues that Count Four cannot be considered apart from Counts One, Two, and Three because one of the court's instructions on Count Four links it to the theory on which Counts One, Two, and Three are based. The court instructed the jury that in order to find Ayala guilty of the offense charged in Count Four, it must find that "he represented he was undergoing active orthodontic treatment. . . . " Counts One, Two, and Three are based on this proposition, and appellant argues that there is no evidence in the record to show that he made a misrepresentation, or evidence that defines precisely what constitutes "active" orthodontic treatment.

As to Count Four, the question whether Ayala represented that he was undergoing active orthodontic treatment is irrelevant. It was only necessary that the jury find that he had knowingly failed to report to his local board that he was no longer receiving orthodontic treatment. As we have pointed out, there was evidence that as early as December, 1970, Ayala had removed his braces and was receiving no orthodontic treatment, active or otherwise.

The court's instruction was therefore surplusage and an inaccurate statement of the law. " . . . [A] verdict if in fact according to law will be sustained, even though the jury has arrived at it through the disregard of an erroneous instruction. . . . [I]t would seem to be but common sense that, where a defendant was fairly tried and the jury had found he had done a certain act which was an offense against the law, that he should not escape punishment because of an erroneous statement of the law which the jury had not followed." People v. Abbott, 2d Dist., 1933, 132 Cal.App. 109, 112, 22 P.2d 566, 567, quoted in United States v. Clizer, 9 Cir., 1972, 464 F.2d 121. Thus, assuming that there is not sufficient evidence in the record to support a finding that Ayala represented that he was undergoing active orthodontic treatment, and that the jury therefore disregarded the court's instruction concerning that issue in reaching its decision, the conviction on Count Four must nevertheless be upheld.

Affirmed.