ROSE v. FIRST NATIONAL BANK OF SPRINGFIELD,
*Appellant.*

1. **Evidence**: CHECK: FORGERY: COMPARISON OF HANDWRITING. On the trial of the question whether or not a check paid by the defendant, a bank, was a forgery, the plaintiff, on the cross-examination of its cashier, introduced by the bank as a witness in its behalf, and who had testified to the genuineness of plaintiff's signature, placed before the cashier the name of plaintiff written upon two blank checks, concealing from his view the rest of the same, and inquired in whose handwriting the signatures were. The witness answered that if checks, signed as those shown him, were presented at the bank, he would pay them as plaintiff's checks. Plaintiff then, in rebuttal, introduced a witness who testified that he had written plaintiff's name on the blank checks, during the progress of the trial. *Held*, that the introduction of the blank checks, and of the evidence as to same, was erroneous, and as the court could not say that the evidence did no harm, it being on the only disputed fact in the case, the judgment must be reversed.

2. ——— : ——— : ——— : ———. The evidence was equally incompetent, whether used to test the witness as an expert, or his knowledge of the handwriting of the plaintiff.

3. ——— : COMPARISON OF HANDWRITING. Where there are other writings, in evidence in such a case, conceded to be genuine, they may be used as standards of comparison, and the comparison may be made by the jury, with or without the aid of experts, but such papers can be used only when no collateral issue can be raised concerning them.

4. ——— : EXTRINSIC PAPERS: COMPARISON OF HANDWRITING. The rule which excludes extrinsic papers and signatures is substantially the same in the direct and the cross-examination. Papers not a part of the case, and not relevant, as evidence, to the other issues, are excluded mainly on the ground that, to admit such documents would lead to an indefinite number of collateral issues, and would operate as a surprise upon the other party, who would not know what documents were to be produced, and, hence, could not be prepared to meet them.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*S. H. Boyd* and *O. H. Travers* for appellant.

(1) The petition in this case alleges that the plaintiff made a demand, through a check drawn on defendant, for the sum of two hundred dollars, the amount sued for. Not only is this an allegation which the law requires to be proven, because it is a material allegation made in the petition, but it is well known that, according to the rules and customs of banking, and the law which governs banking, before the depositor can withdraw his funds, he must make a written demand, in form of a check. No such proof was made in this case. The plaintiff testified to presenting a check to defendant about January, 1883, but does not give the amount, and for aught that appears in the testimony, it may have been a much larger sum than plaintiff claimed. As this is a total failure of proof, on this point, the verdict should have been set aside. (2) The court erred in permitting the plaintiff to inquire of defendant about the signature to the two blank checks, and in suffering Scott Massey to answer as to the time when and as to the person who wrote these signatures. In this connection, it must be remembered that McElhany was the cashier of defendant, almost the defendant itself, in the eyes of the jury trying the case, and every word which he would utter on the witness-stand (especially if against the defendant in the least), would carry great force, and affect defendant's case accordingly. It was an attempt to impeach McElhany on an immaterial matter, but at the same time on a matter which, to the ordinary juryman, would appear quite material and important. A witness can only be contradicted or impeached on material matters, and then only in the way pointed out and authorized by law. *People v. Bush*, 18 Cent. Law Jour. 335; 1 Greenl. on Evid. [12 Ed.] sec. 461, 455, *et*

*seq.; Lohart v. Buchanan,* 50 Mo. 201 ; *McKern v. Calvert,* 59 Mo. 243 ; *Bank v. Murdock,* 62 Mo. 70.

*Massey & McAfee* for respondent.

The cashier was a competent witness, and his proficiency, as an expert, was a proper matter of inquiry, on cross-examination, and there was nothing wrong in the method adopted by plaintiff to test the acuteness or correctness of him as an expert.

BLACK, J.—This was an action to recover a balance of two hundred dollars claimed to be due on plaintiff's deposit account. The bank had paid and charged to his account a check for a like amount, purporting to be signed by the plaintiff. Whether this check was genuine or a forgery was the issue tried.

For the defence, the cashier testified that he knew the plaintiff's handwriting. He examined the disputed check and several other checks, then in evidence for other purposes, and conceded to be genuine, and stated that the signatures to all of the checks were in the handwriting of the plaintiff; that they were all alike. On cross-examination, counsel for plaintiff placed before the witness the name of W. P. Rose, written upon two blank checks, concealing from his view the other portions of the checks, and asked him in whose handwriting these signatures were. Witness answered that if checks, signed as these were, were presented to the bank, he would pay them as Rose's checks. Plaintiff, in rebuttal, called another person, who stated that he wrote the name of W. P. Rose on the blank checks, during the progress of the trial. Objections were made to the above cross-examination and examination in rebuttal.

Where there are other writings in the case, conceded to be genuine, they may be used as standards of comparison, and the comparison may be made by the jury,

with or without the aid of experts.    1 Greenl. on Evid., sec. 578 ; *State v. Scott*, 45 Mo. 302 ; *State v. Tompkins*, 71 Mo. 614.    But with us, such papers can only be used when no collateral issue can be raised concerning them. 1 Greenl. on Evid., [sec. 581 ; *State v. Clinton*, 67 Mo. 380.    The signatures upon the blank checks were designed to, and did, present a collateral issue, and under the rule before stated, the witness should not have been questioned as to them, unless the rule is to be relaxed in favor of a cross-examination.

In *Griffith v. Ivery*, 11 A. & E. 322, the defendant produced witnesses who testified that they were acquainted with his handwriting, and believed the acceptance was not his.    Plaintiff then offered to lay a paper, purporting to be signed by the defendant, before each witness, on cross-examination, and asked them, in turn, whether they believed the signature to be that of the defendant, for the purpose of testing their knowledge of his writing.    It was ruled that the paper could not be shown to the witness, and with respect to this ruling, Coleridge, J., said :   "We must not allow papers which are not evidence in the cause, to be let in, for any purpose, whatever.    It is said that this was offered merely for the purpose of trying the knowledge of the witness, but the inquiry would not stop there."

In *Doe dem. Perry v. Newton*, 5 A. & E. 514, where the issue was as to the genuineness of a signature to a will, produced by the defendant, the plaintiff's counsel, on cross-examination of one of defendant's witnesses, put into his hand some letters which witness said he believed to be of the testator's writing.    On behalf of the plaintiff, it was proposed to submit the letters to the jury, that they might compare them with the disputed signature, and thereby judge both of its genuineness and of the credit due to the witness.    The letters were not in evidence for any other purpose, and were excluded ; and this ruling was affirmed.    See, also, *Doe dem. Mudd v. Suckermore*, 5 A. & E. 703.

In *Massey v. Bank*, 104 Ill. 327, the bank sued Massey on a note. For the bank, a witness testified that some years before he had seen Massey write, and that it was his impression that the signature of the name of Massey to the note was in his handwriting. On cross-examination, defendant's counsel handed the witness a paper having written on it the name "H. E. Massey," sixteen times, and asked the witness to point out the genuine signatures, if any there were. It was then contended that the evidence was proper on cross-examination, but the court held that the evidence was properly excluded.

Extrinsic signatures, offered to be used on cross-examination, were held to have been properly excluded in *Bank v. Robert*, 41 Mich. 710.

The rule which excludes extrinsic papers and signatures, is substantially the same in the direct and cross-examination, as will be seen from the foregoing authorities. Papers not a part of the case and not relevant, as evidence, to the other issues, are excluded mainly on the ground that, to admit such documents would lead to an indefinite number of collateral issues, and would operate as a surprise upon the other party, who would not know what documents were to be produced, and, hence, could not be prepared to meet them. The reason of the rule applies to the cross-examination with as much force as to the direct examination. The signatures should have been excluded, whether used to test the witness as an expert, or to test his knowledge of the handwriting of the plaintiff.

We cannot say the evidence did no harm. The error was in the reception of evidence on the only disputed fact in the case, and the judgment must be reversed and the cause remanded. It is so ordered. Norton, C. J., and Sherwood, J., absent. The other judges concur.