[Crim. No. 593. In Bank.—May 3, 1900.]

THE PEOPLE, Respondent, v. YDA ADDIS STORKE, Appellant.

CRIMINAL LAW—LIBEL—EVIDENCE—ANONYMOUS LETTERS—OPINION OF EXPERT—COMPARISON OF HANDWRITING—ERRONEOUS ORDER STRIKING OUT EXHIBITS—PROVINCE OF JURY.—Upon the trial of a charge of libel contained in anonymous letters, where the defendant was convicted mainly upon the testimony of an expert in handwriting called for the plaintiff, and the defendant claimed and sought to prove by specimens of the handwriting of another expert that he had written them for the purpose of implicating the defendant in the charge, it was error for the court to strike out the exhibits of the handwriting of such expert, merely because plaintiff's expert witness testified that there was no similarity between such exhibits and the anonymous letters, and because there was no independent evidence tending to connect them; but the jury should be permitted to pass upon the question of similarity between them, from a personal inspection of them, and the plaintiff's expert witness cannot be substituted for the jury in passing upon that question of fact.

ID.—COMPARISON OF HANDWRITING BY NONEXPERTS—RIGHT OF JURORS TO DIFFER FROM EXPERTS.—In a case involving the comparison of different writings where the question is one of resemblance or similarity, an ordinary individual can arrive at a conclusion quite as correct as that of the opinion of the most skilled expert in handwriting. Jurors have the right to use their eyes as well as their ears in such a case, and may differ in their conclusion from the opinion of an expert witness.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. Frank F. Oates, Judge, presiding.

The facts are stated in the opinion of the court.

H. P. Starbuck, and C. F. Currier, for Appellant.

Tirey L. Ford, Attorney General, A. A. Moore, Jr., Deputy Attorney General, and Henry A. Melvin, for Respondent.

VAN DYKE, J.—Defendant was convicted of the crime of libel, and prosecutes this appeal from the judgment and order denying a new trial.

It appears from the evidence that during the year 1898 a number of scurrilous letters reflecting upon Dr. Martha Case, Dr. Winchester, and others of Santa Barbara were put in circulation in that town. The letters were all anonymous, and differed considerably both in penmanship and style, some appearing to have been written by women in a fanciful hand, some quite illiterate in style, and others in a business, clerical hand, and of this class was the letter addressed to Dr. Martha Case, accusing her of being the mistress of Dr. Winchester, and imputing to Dr. Winchester immoral and scandalous conduct. The indictment in the case was based upon this particular letter. The defendant denied having written these letters, and, aside from showing that she was unfriendly to Dr. Winchester, the evidence was circumstantial, resting upon the opinion of witnesses as to the similarity between defendant's handwriting and these anonymous and libelous letters. The greatest stress seems to have been laid upon the opinion testimony of Theodore Kytka, an expert in handwriting. His testimony, which ran through several days of the trial, was to the effect that all the libelous letters introduced in evidence were in the handwriting of the defendant. The defendant claimed and sought to prove that one F. N. Gutierrez, who seems to have been an expert in various styles of handwriting, had written these anonymous and libelous letters at the instigation of other parties, who were enemies of the defendant, for the purpose of implicating her in the offense charged. During the progress of the trial, while the witness Kytka was under examination, a large number of samples of the writings of Gutierrez was shown him, and he was asked to compare them with the handwritings of the libelous and disputed letters, and particularly in reference to certain peculiarities both of the letters written by Gutierrez and the disputed letters; the witness, however, testified that in his opinion there was no similarity or resemblance between them.

Before closing his case in rebuttal the district attorney moved to strike out all the samples in the handwriting of Gutierrez which had been admitted in evidence for the purpose of comparison, as stated, on the ground that there had been no independent evidence connecting Gutierrez with the disputed and libelous letters. Defendant's attorney objected

to striking out said evidence, contending that, having been introduced for the purpose stated, the jury were entitled to examine the same and determine for themselves from a personal inspection. The court granted the motion to strike out, on the ground, as appears in the record, that there was no independent evidence tending to connect Gutierrez with the disputed writings, and therefore the jury had no right to consider the admitted writings of Gutierrez for the purpose of comparison with the disputed writings.

We think the court erred in striking out the evidence in question. In a case involving a comparison of different writings, the ordinary individual can frequently arrive at a conclusion quite as correct as that of the opinion of the most skilled expert in handwriting, particularly where, as in this case, this expert testified that there was no resemblance or similarity. Such is the rule of law, not only in this state, but in others. (Code Civ. Proc., sec. 1944.) As said in *Garvin v. State*, 52 Miss. 207: "Jurors may use their eyes as well as their ears." (See, also, *Gaunt v. State*, 50 N. J. L. 490; *Vinton v. Peck*, 14 Mich. 287; *Dietz v. Fourth Nat. Bank*, 69 Mich. 287; *Rose v. Springfield Bank*, 91 Mo. 399; 60 Am. Rep. 258; *Wagoner v. Ruply*, 69 Tex. 700; *Brobston v. Cahill*, 64 Ill. 356.)

The jury, therefore, should have been permitted to pass upon the question of the resemblance or similarity of Gutierrez's writings with the disputed writings, and form their own conclusion in reference to such similarity or resemblance. As it was, this expert witness was substituted for the jury in passing upon this question of fact under consideration. By a personal inspection the jury might have formed a different opinion from that of the expert. At any rate, an examination of the letters by comparison might have raised a reasonable doubt as to whether the disputed writings were by the defendant.

The other points presented on the part of the appellant are not of sufficient importance to require special consideration, but on account of the error already pointed out the judgment and order denying a new trial will have to be reversed; and it is so ordered.

Temple, J., Beatty, C. J., and McFarland, J., concurred.