### 16226. COLLINS *v.* GLISSON, administrator.

1. In a suit upon a promissory note where the defendant, who had filed a plea of non est factum, testified upon the trial that the signature to the note was a forgery by his son, whom he designated by name, the trial judge was authorized to hold that the alleged newly discovered evidence of the son, to the effect that he (the son) signed the father's name to the note, could have been discovered by ordinary diligence.

2. Where, on the trial of the issue made by a plea of non est factum filed by the defendant, the defendant testifies that his signature to the instrument sued on is a forgery, the jury may render a verdict establishing the genuineness of the instrument from a comparison between the disputed signature and other signatures of the defendant which are admittedly genuine, and from evidence that the disputed signature "favors," "looks very much like," "bears a great resemblance to," and "is the same kind of handwriting" as the admittedly genuine signatures.

3. The evidence authorized the verdict for the plaintiff, and the court did not err in overruling the defendant's motion for a new trial, based upon the general grounds and upon alleged newly discovered evidence.

> DECIDED FEBRUARY 26, 1926.

---

Bills and Notes, 8 C. J. p. 1051, n. 39.
Evidence, 22 C. J. p. 772, n. 95.
New Trial, 29 Cyc. p. 883, n. 87; p. 884, n. 88; p. 886, n. 5.

Complaint; from city court of Metter—Judge Lanier. January 3, 1925.

*Kirkland & Kirkland,* for plaintiff in error.

*C. W. Turner,* contra.

STEPHENS, J. This is a suit upon a promissory note against M. A. Collins, who filed a plea of non est factum. A verdict was rendered for the plaintiff. The defendant made a motion for a new trial, upon the ground that the verdict was without evidence to support it and also upon the ground of alleged newly discovered evidence. For the reasons given in headnote 1 this ground of the motion was properly overruled. For the reasons given in headnotes 2 and 3 the majority of the court (the writer of this opinion dissenting) are of the opinion that the evidence authorized the verdict for the plaintiff.

The writer, speaking for himself, by way of dissent from the ruling contained in headnotes 2 and 3, submits the following: A mere comparison made by a jury between a signature, the genuineness of which is disputed, and an admittedly genuine signature, although the jury may be assisted by evidence that the disputed signature resembles the genuine signature, in the absence of other evidence, authorizes a finding only that the two signatures are exactly alike, and does not authorize a finding that the two signatures were executed by the same person. The only evidence tending in any manner to establish the signature to the note as being the genuine signature of the defendant was that of three local bank officials, each of whom testified that he had had experience with handwriting and had seen the defendant's signature, and that the signature to the note sued on resembled that of the defendant. The witnesses had before them admittedly genuine signatures of the defendant. These witnesses, in characterizing the disputed signature to the note sued on, used such expressions as it "favors," "looks very much like," "bears a great resemblance to" the defendant's signature, that it "is the same kind of handwriting." None of these witnesses testified that the disputed signature was the genuine signature of the defendant, or that in his opinion it was the genuine signature of the defendant. Genuine signatures of the defendant were introduced in evidence and were presumably compared by the jury with the disputed signature.

The testimony of the bank officials amounts to no more than

that the signature to the note sued on resembles the genuine signature of the defendant.  A mere comparison of the disputed signature with the admittedly genuine signature, without the assistance of other evidence, could develop no fact other than that the signatures were exactly alike.  The testimony of the bank officials as to the resemblance of the disputed signature to the genuine signature amounts to no more than what the jury itself could ascertain from comparison.  The entire evidence, therefore, together with any inference which the jury may draw by comparison, amounts to no more than that the disputed signature bears an exact resemblance to the genuine signature of the defendant.  It being a matter of common knowledge that one who would undertake to forge the signature of another would attempt to reproduce a facsimile or perfect representation of the genuine signature, evidence that the disputed signature is exactly like the genuine signature is just as consistent with the fact that the disputed signature is an exact imitation of the genuine signature as it is that the disputed signature is genuine.  While section 5836 of the Civil Code (1910) provides that "other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury," it does not provide that such evidence, standing alone and uncorroborated, authorizes a jury to find from a comparison between two signatures, one of which is acknowledged to be genuine, that the signature in dispute is also genuine.  *Henderson* v. *Hackney,* 16 *Ga.* 521 (3), holds only that such evidence is admissible, and does not hold that such evidence is sufficient to support a verdict finding the disputed signature to be genuine.

It further appears that the defendant himself testified that the signature to the note sued upon was not his signature, but that it had been attached to the note by his son, W. L. Collins, and it was undisputed that W. L. Collins was a good penman.  The defendant testified that W. L. Collins could imitate his signature.  The defendant further testified that he had signed other notes with W. L. Collins, but not the note sued upon.

The burden of proof being upon the plaintiff to establish the genuineness of the signature to the note sued upon, and the evidence possessing no preponderatingly probative value to establish such proposition, rather than that the disputed signature was a

8

forgery exactly resembling the defendant's signature, the verdict found for the plaintiff is without evidence to support it.

See the following authorities upon the question in controversy: 22 C. J. 772; 1 Greenleaf on Evidence, § 578 a; Stitzel v. Miller, 250 Ill. 72 (95 N. E. 53, Ann. Cas. 1912B, 412) ; 12 L. R. A. 456, note ; 62 L. R. A. 817, note, 867 ; Temple v. Smith, 7 La. Ann. 562 ; United States v. Molloy, 31 Fed. 19 (7) ; People v. Storke, 128 Cal. 486 (60 Pac. 1090) ; Castor v. Bernstein, 2 Cal. App. 703 (84 Pac. 244).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur. Stephens, J., dissents.*