[Crim. No. 1504.   Second Appellate District, Division One.—June 16, 1927.]

In the Matter of the Application of LUIS VALENCIA for a Writ of Habeas Corpus.

Fred Thompson and Frank Berkhauser for Petitioner.

Elmer W. Heald and C. B. Smith, Deputy District Attorney, for Respondent.

CONREY, P. J.—The petitioner Valencia is in custody pursuant to a warrant issued by the justice of the peace of El Centro township, in the county of Imperial. A complaint had been filed, charging that defendant Valencia had committed the crime of forgery, with intent to defraud one Luis Sanchez. After examination before the magistrate, defendant was held to answer to said charge.

Petitioner contends that the evidence produced before the magistrate was not legally sufficient to establish the fact that there was probable cause to believe him guilty of the crime charged and to which he is held to answer.

From the evidence produced before the magistrate it appears that a pay-roll voucher of the Southern Pacific Company, a corporation, was issued and delivered to its employee Luis Sanchez, payable in the sum of $10.27 when properly indorsed by the payee. This voucher was lost by Sanchez or was stolen from him. According to some of the testimony, the voucher came into the hands of Valencia, who turned it over to one Reynosa, with instructions to cash it. Reynosa indorsed upon the voucher not the name "Luis Sanchez," but the name "Luis Gonzales." With this paper so indorsed he succeeded in delivering it to a merchant, who paid him the face value thereof.

Omitting sundry other circumstances shown by the evidence, the one clear point appears that the act of forgery was not committed. There is no charge that the instrument itself was forged, but only that the indorsement was forged. Necessarily, this could only be accomplished by writing the name "Luis Sanchez." We may concede that a slight variation in spelling of the name might occur, and the act still remain a forgery. But when a distinctly different name is used, it is not a forgery. So here, the writing of the name "Gonzales" cannot be accepted as a forgery of the name "Sanchez." For the purposes of this proceeding, we cannot be concerned with the fact that the defendant may have committed another kind of crime when he, together with Reynosa, obtained said sum of money in the manner described by the testimony. The record is that petitioner has been committed and held to answer to the crime of forgery without any evidence that there was a forgery.

The petitioner is discharged from custody.

Houser, J., and York, J., concurred.