[Civ. No. 20773.   Second Dist., Div. Three.   May 4, 1955.]

Estate of CORALIE M. REED, Deceased. LOREN B. REED, Respondent, v. MARJORIE HAMILTON, Appellant.

Ralph B. Herzog for Appellant.

Francis R. McKenna for Respondent.

ASHBURN, J., pro tem.*—There is no merit in this appeal. It is an effort to induce an appellate court to reweigh sub-

*Assigned by Chairman of Judicial Council.

stantially conflicting evidence, a thing which every California lawyer knows or should know we cannot do. ■ "The appellate court's function begin and ends with a determination as to whether or not there is any substantial evidence which will support the findings of the trier of fact." (*Guardianship of Kentera,* 41 Cal.2d 639, 645 [262 P.2d 317].)

Coralie M. Reed died leaving no will except a holographic document reading as follows: "April 21, 1951 To WHOM IT MAY CONCERN: This is to certify that it is my desire that in case of my inability to function—or in case of my demise, I hereby turn the keys of this house 3101 Manitou Ave. over to Mrs. Marge Hamilton. She has knowledge and understanding of my desires and wishes and will take charge." Respondent Loren B. Reed filed a petition for partial distribution to him as son and sole heir of decedent; also a petition "to construe will and to determine heirship." The latter petition prayed for a determination that respondent is sole heir of decedent and that Marjorie Hamilton (who had been appointed executrix) has no interest in the estate except her fees as executrix. Both petitions were contested by her upon the grounds that petitioner is not the son of decedent and she, the contestant, is entitled to distribution of the entire estate under the will. The trial judge found petitioner to be the son and only heir of decedent and entitled as such to all of the estate after payment of debts and expenses of administration; that the will disposed of no property or interest therein; and partial distribution to petitioner was ordered as prayed. Marjorie Hamilton appeals.

Appellant's brief says: "The sole issue presented to the trial court was whether or not the petitioner and respondent was the same person known in prior years to be the son of the decedent, Coralie M. Reed, and therefore her sole surviving heir." Respondent's counsel agrees with this. Then appellant's counsel discloses the entire absence of merit in his appeal by saying: "The respondent produced seven witnesses who testified that the petitioner was the son of said decedent and the person referred to in said will. The appellant produced eight witnesses who testified that the petitioner was not the son of said decedent."

Counsel argues nevertheless that the testimony of respondent's witnesses was inherently improbable. It consisted of statements by respondent that he was decedent's son and testimony of long-standing acquaintances that he was the son of Mrs. Coralie M. Reed. Appellant relies primarily upon the

testimony of a handwriting expert to the effect that certain handwriting of petitioner was not the same as some conceded exemplars of the writing of the person whom all witnesses knew years ago to be Loren B. Reed.

There is no basis for the claim of inherent improbability in the testimony of petitioner's witnesses who identified him as the son of decedent. "A reviewing court will not hold unsupported the trial court's findings merely because it might reasonably draw different inferences from those the trial court reasonably drew. A reviewing court cannot reject testimony of a witness that has been believed by the trier of the fact unless it is a physical impossibility that it be true, or its falsity is apparent without resorting to inferences or deductions. In order to say that testimony is inherently improbable, it must appear that what was related or described could not have occurred. Testimony which merely discloses unusual circumstances is not inherently improbable. Testimony which is subject to justifiable suspicion does not justify reversal of a judgment. The trier of fact may believe and accept a part of the testimony of a witness, and disbelieve the remainder or have a reasonable doubt as to its effect. On appeal that part which supports the judgment must be accepted, not that part which would defeat, or tend to defeat, the judgment. Unless it clearly appears that upon no hypothesis whatever is there substantial evidence to support a finding of the trier of fact, it cannot be set aside on appeal." (*Murphy* v. *Ablow*, 123 Cal.App.2d 853, 858 [268 P.2d 80].)

Appellant further complains that "The court impliedly found that the testimony of the handwriting expert, though uncontradicted, was not true or worthy of consideration." It is an odd conceit that the trier of fact must accept indirect evidence given by a handwriting expert in preference to the direct evidence of witnesses having personal knowledge upon an issue of identity of a person. In *Arais* v. *Kalensnikoff*, 10 Cal.2d 428 [74 P.2d 1043, 115 A.L.R. 163], the court was considering the effect of a blood test to determine paternity. The case was quoted as follows in *Liberty Mut. Ins. Co.* v. *Industrial Acc. Com.*, 33 Cal.2d 89, 94 [199 P.2d 302] : " 'Whatever claims the medical profession may make for the test, in California "no evidence is by law made conclusive or unanswerable unless so declared by this code." (Code Civ. Proc. § 1978.) Expert testimony "is to be given the weight

to which it appears in each case to be justly entitled." (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 195 Cal. 174 [231 P. 996].) The law makes no distinction whatever between expert testimony and evidence of other character (*Treadwell* v. *Nickel*, 194 Cal. 243 [228 P. 25].) ▮ Although it encourages the demonstration of the truth of the issues before a court by any means which are generally accepted as tending to prove the facts in dispute, "when there is a conflict between scientific testimony and testimony as to facts, the jury or trial court must determine the relative weight of the evidence." (*Rolland* v. *Porterfield*, 183 Cal. 466 [191 P. 913].)

" 'These are fundamental rules which are firmly embedded in the law of evidence.' "

The decree for partial distribution and the decree determining heirship, from which appeals have been taken, are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.