[Crim. No. 1572. Fourth Dist. July 13, 1961.]

THE PEOPLE, Respondent, v. JOHN R. DI GIACOMO, Appellant.

Hennigan, Ryneal & Nixen for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

COUGHLIN, J.—The defendant, who is the appellant herein, was charged with, tried by a jury for, and convicted of the offense of perjury, i.e., a violation of section 118 of the Penal Code, moved for a new trial, which was denied; was placed on probation; and appeals from the order denying his motion for a new trial and from the judgment of conviction, i.e., the order granting probation.

The determinative issues presented by this appeal concern the sufficiency of the evidence to sustain the judgment of conviction under the rule prescribing the quantity and quality of evidence required in perjury cases; and the effect of the failure to instruct the jury with respect to the requirements of that rule.

### Sufficiency of the Evidence

Under date of December 24, 1957, the defendant, as treasurer of the United Credit Union of Elsinore, issued a check in the sum of $1,798.44 payable to the Estate of Wyman H. Burney. During his lifetime, Wyman H. Burney had an account with the credit union, and the check in question represented the amount payable upon that account. On January 10, 1958, the proceeds from this check were deposited in a bank account of the defendant doing business under the name of Screens Unlimited. At this time the check bore these endorsements: "Estate of Wyman H. Burney" and under that, "Rita Burney." Subsequently, the existence of this check with the endorsements aforesaid came to the attention of Rita Burney, the widow of Wyman H. Burney, who claimed that she never knew of nor endorsed the check in question. Thereafter the defendant was charged with the offenses of grand theft and forgery, based on the contention that he had forged the endorsements in question and had stolen the proceeds of the check; was tried by a jury therefor; and was acquitted.

The defendant claimed that he had written the words "Estate of Wyman H. Burney" on the back of the check because persons seeking payment of checks payable to an estate many times neglect properly to include the name of the estate as a part of the endorsement; that he then delivered the check to Mrs. Burney and proposed that she loan him the proceeds thereof; that she agreed to make such a loan and thereafter delivered the check to him, at which time the words "Rita Burney" were on the check under the words "Estate of Wyman H. Burney"; that he deposited the check in his account; that he gave Mrs. Burney his note evidencing this

transaction; and that, thereafter, upon her request, he repaid her the amount of the loan in full. This repayment took place before the investigation leading to the grand theft and forgery charges had commenced.

During the trial on these charges the defendant testified as noted in the following portion of a transcript of his testimony, i.e., Q. "Isn't it a fact that the words Rita Burney on the reverse side were written by you? A. I don't recall ever writing Rita Burney on this check. That is, to my best knowledge. I don't ever remember writing Rita Burney's name on this. Q. Isn't it a fact you used the same pen to write the 'Estate of Wyman Burney' and 'Rita Burney' on the back of this check? A. I am not an expert. I know I signed the Estate of Wyman Burney. That is all I signed. I know that. I don't know anything about the signature of Rita Burney and I also signed 'Screens Unlimited' on this check. . . . THE COURT: Just a moment, listen to my question. A. Yes, Sir. THE COURT: Do you now recall whether or not you did write Rita Burney on the back of Plaintiff's Exhibit 2? [the credit union check] A. I don't ever recall writing that name on it. THE COURT: Do you recall not writing it? Is it your testimony you did not write it or is it your testimony you don't remember whether you wrote it? That is the question. A. I did not write the name Rita Burney on there."

That part of the foregoing testimony wherein the defendant stated that he did not write the name "Rita Burney" on the check forms the basis of the perjury charge now before this court, and its alleged falsity is the principal point of contention. In the trial of the instant case, Mrs. Burney testified that she did not sign the name "Rita Burney" on the check in question, which was admitted in evidence; exemplars of the defendant's handwriting also were admitted in evidence; and three handwriting experts testified that from a comparison of the handwriting on the check and the handwriting on the exemplars, in their opinion, the name "Rita Burney" appearing on the check was written by the defendant. One of these experts was asked whether the ink used to sign each of the two endorsements on the check was the same and replied, "microscopically to me they are identical." No other substantial evidence on the issue of falsity was introduced.

■ ■ An essential element of the offense of perjury is the falsity of the statement upon which the charge is predicated (*People* v. *Wells*, 103 Cal. 631, 633 [37 P. 529]; *People* v. *Barry*, 153 Cal.App.2d 193, 206 [314 P.2d 531]; *People* v.

*Macken,* 32 Cal.App.2d 31, 34 [89 P.2d 173]), and a determination of the sufficiency of the evidence to establish this fact is governed by the provisions of section 1103a of the Penal Code, which require that perjury must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances. (*People* v. *Wells, supra,* 103 Cal. 631; *People* v. *O'Donnell,* 132 Cal.App.2d 840, 845 [283 P.2d 714].)

These provisions prescribe both the quantity and quality of evidence essential to a conviction of this offense in California (*People* v. *Wells, supra,* 103 Cal. 631; *People* v. *O'Donnell, supra,* 132 Cal.App.2d 840, 845; *People* v. *Burcham,* 69 Cal.App. 614, 619 [232 P. 149]); circumstantial evidence alone is not sufficient (*People* v. *Maxwell,* 118 Cal. 50, 53 [50 P. 18]; *People* v. *O'Donnell, supra,* 132 Cal.App.2d 840, 845), but in addition thereto direct evidence by the testimony of at least one witness is required (*People* v. *Porter,* 104 Cal. 415, 417 [38 P. 88]; *People* v. *O'Donnell, supra,* 132 Cal.App.2d 840, 845); and a conviction which is not supported by direct evidence from two witnesses, or by direct evidence from one witness and corroborating circumstances, must be set aside. (*People* v. *Wells, supra,* 103 Cal. 631; *People* v. *Porter, supra,* 104 Cal. 415.) In this regard the courts have referred interchangeably to "direct" evidence and "positive" evidence in contradistinction to "indirect" evidence and "circumstantial" evidence. (*People* v. *O'Donnell, supra,* 132 Cal.App.2d 840, 844; *People* v. *Macken, supra,* 32 Cal.App.2d 31, 35.)

To fulfill the minimum requirements of the statute there must be at least the positive testimony of one witness furnishing direct evidence of facts that are absolutely incompatible with the innocence of the accused, "corroborated by circumstances which, of themselves and independently of such directly inculpatory evidence, tend, with a reasonable degree of certitude, to show that the accused is guilty as charged." (*People* v. *Casanova,* 54 Cal.App. 439, 442-443 [202 P. 45]; *People* v. *Porter, supra,* 104 Cal. 415, 418; *People* v. *Barry, supra,* 153 Cal.App.2d 193, 206; *People* v. *O'Donnell, supra,* 132 Cal.App.2d 840, 845; *People* v. *Macken, supra,* 32 Cal. App.2d 31, 35; *People* v. *Burcham, supra,* 69 Cal.App. 614, 620.) For the purposes in question, direct evidence "includes any positive testimony of a contrary state of facts from that sworn to by [the accused] at the former trial, or which is absolutely incompatible with his evidence, or physi-

cally inconsistent with the facts so testified to by him.'' (*People* v. *Chadwick*, 4 Cal.App. 63, 70 [87 P. 384, 389]; *People* v. *O'Donnell, supra,* 132 Cal.App.2d 840, 845; *People* v. *Macken, supra,* 32 Cal.App.2d 31, 35.)

In the case at bar, under the state of the record before us, to prove the falsity of the sworn statement upon which the charge of perjury is predicated, the evidence must establish that the defendant wrote the name ''Rita Burney'' on the credit union check. The sufficiency of the evidence in this regard must be measured in accord with the foregoing rules.

Rita Burney testified that she did not endorse her name on the check. This is direct evidence that the endorsement in question is a forgery. Testimony that the handwriting exemplars admitted in evidence were those of the defendant is direct evidence of this fact. Both the check and the exemplars were admitted in evidence and constitute direct evidence of what appears thereon, including any characteristics common to the handwriting of the person who wrote the name ''Rita Burney'' on the check and the acknowledged handwriting of the defendant. These facts, i.e., that the name ''Rita Burney'' which appears on the check was not signed by her, that the handwriting on the exemplars was the handwriting of the defendant; and the handwriting characteristics appearing on the check and on the exemplars, *per se*, do not establish that the person whose handwriting appears on the exemplars is the person who wrote the name ''Rita Burney'' on the check. The necessity for an intermediate step between the aforesaid facts and the noted conclusion is recognized by section 1944 of the Code of Civil Procedure which provides that evidence respecting handwriting may be given by a comparison, made by a witness or the jury, with writing admitted to be genuine by the party against whom the evidence is offered. The evidence furnished by such a comparison is circumstantial evidence; rests on the conclusion of the witness or the jury making the comparison; is the result of an inference which their reason draws from other facts, i.e., the similarities or dissimilarities appearing in the handwriting of a known person and the signature of an unknown person; and, under the statutorily prescribed definition (Code Civ. Proc., § 1832), the testimony supplying the facts from which the subject inference is drawn is indirect evidence of the ultimate fact, i.e., the conclusion reached, even though such testimony may be direct evidence of the individual facts used as a

basis for that inference. As heretofore noted, the individual facts supplying a basis for comparison in the case at bar, *per se*, did not identify the author of the endorsement.

Evidence which merely establishes facts from which the falsity of an alleged perjured statement may or may not be inferred does not meet the requirement of the direct evidence rule applicable to perjury cases. (*People* v. *Maxwell*, *supra*, 118 Cal. 50, 54; *People* v. *O'Donnell*, *supra*, 132 Cal. App.2d 840, 846-849; *People* v. *Burcham*, *supra*, 69 Cal.App. 614, 616-619; *People* v. *Burcham*, 62 Cal.App. 649, 656 [217 P. 558].)

In the case at bar the testimony just related was supplemented by that of three handwriting experts who testified that, in their opinion, the defendant wrote the questioned endorsement ''Rita Burney''; based their opinions upon a comparison of this endorsement with the handwriting exemplars of the defendant which were admitted in evidence; and detailed their reasons therefor, pointing out areas of similarity between the endorsement signature and the handwriting exemplars. Their opinions were circumstantial evidence. (*People* v. *Barry*, *supra*, 153 Cal.App.2d 193, 207-208, where the court held that the opinion of a handwriting expert and interpreter of questioned documents established the ''corroborating circumstances'' required by section 1103a of the Penal Code; *Estate of Reed*, 132 Cal.App.2d 732, 735 [282 P.2d 935], where the opinion of a handwriting expert was characterized as ''indirect evidence''; *In re Parvin's Estate*, 131 Neb. 853 [270 N.W. 470, 472], where the issue was material to the decision at hand and the court held that the testimony of handwriting experts based upon the comparison of a questioned signature with a known signature was circumstantial evidence; *Wakeley* v. *State*, 118 Neb. 346 [225 N.W. 42, 44-45], which held that the testimony of handwriting experts based on comparisons was circumstantial evidence and the refusal to give cautionary instructions respecting that type of evidence constituted reversible error; and Witkin on Evidence, page 131, section 110—page 384, section 346.[1])

---

[1] The opinion of experts as to other matters has been held to be or treated as circumstantial evidence in *People* v. *Goldstein*, 139 Cal.App.2d 146, 153 [293 P.2d 495]—expert on bookmaking testified that confiscated papers were betting markers; *People* v. *Barnhart*, 66 Cal.App.2d 714, 717-721 [153 P.2d 214]—same; *Lynn* v. *State*, 169 Ark. 880 [277 S.W. 19]—opinion that mash was suitable for distillation of alcoholic liquor; Wharton's Criminal Evidence, (12th ed.) page 479, section 982—opinion on evidence *re* finger prints.

The People, who are the respondents herein, in support of their position cite the decision in *People* v. *Follette,* 74 Cal. App. 178, 201-204 [240 P. 502] where the defendant was charged with and convicted of perjury for testifying before the grand jury that he did not leave a package containing money with the attendants in a drugstore, and did not sign the names "George Allen or Ruth Allen" on a claim check left with the package; two attendants at the subject drugstore testified that a man of "medium build" left the package and wrote the names in question; a handwriting expert testified that, in his opinion, these names were written by the defendant. The court sustained the conviction, saying that the testimony (page 202) "of the two drugstore attendants and that of the handwriting expert is positive evidence *tending* to prove that appellant left the money at the drugstore and it is therefore absolutely inconsistent with his sworn statement before the grand jury that he did not do so, and is consequently incompatible with his innocence of the charge against him"; nevertheless expressed doubt as to the sufficiency of the expert testimony; but resolved that doubt in favor of its sufficiency upon the ground that (p. 203) "no distinction is to be made between expert testimony and other evidence *as to its weight or preference.*" (Emphasis added.) We do not accept this decision as a controlling precedent that the testimony of a handwriting expert is direct and not circumstantial evidence; this point was not expressly decided by the court in the cited case; sound reason dictates the contrary; and the authorities heretofore cited in this opinion confirm our conclusion in the premises.

Under circumstances such as those present in the instant case the jury may compare the handwriting before it and draw its own conclusion in the premises; either with or without the aid of experts; and either in accord with or in disregard of their opinion. (*Estate of Johnson,* 200 Cal. 299, 304 [252 P. 1049]; *Rolland* v. *Porterfield,* 183 Cal. 466, 469 [191 P. 913]; *People* v. *Storke,* 128 Cal. 486, 488 [60 P. 1090]; *People* v. *Weiskopf,* 60 Cal.App.2d 214, 218 [140 P.2d 201]; *Castor* v. *Bernstein,* 2 Cal.App. 703, 705-707 [84 P. 244].) The conclusion so drawn determines the fact in dispute, i.e., the author of the particular handwriting; is the result of the jury's deduction, through reason, from proven facts; and properly is classified as an inference, i.e., "a deduction which the reason of the jury makes from the facts proved, without an express direction of law to that effect." (Code Civ. Proc.,

§ 1958.) The testimony which establishes the proven facts from which the deduction is made falls within the statutorily prescribed definition of indirect evidence, i.e., "that which tends to establish the fact in dispute by proving another, and which, though true, does not of itself conclusively establish that fact, but which affords an inference . . . of its existence." (Code Civ. Proc., § 1832.) Applying the foregoing to the situation at hand, it is obvious that any conclusion of the jury respecting the authorship of the endorsement in question, based upon its comparison of the handwriting before it, properly is described as an inference, and that the testimony which formed the basis therefor is indirect evidence.

The existence of testimony by handwriting experts, giving their opinions in the matter, does not alter the premise upon which the foregoing conclusion is based. Their opinions are the result of the same evidentiary processes used by a jury in arriving at a conclusion under like circumstances. The experts give the jury the benefit of their experience, skill and judgment; their opinions constitute a professional guide afforded the jury in the exercise of its prerogative to draw reasonably deducible inferences from established facts. For the purposes under consideration in this case, the opinions of the experts and the conclusion of the jury, each based on a comparison of handwriting, bear the same evidentiary classification; are inferences; and constitute indirect or circumstantial evidence.

The People contend that certain testimony of the defendant in the perjury case is absolutely incompatible with the sworn statement upon which the perjury charge is based and, under the rule as applied in *People* v. *Chiuminatta,* 156 Cal.App.2d 169, 172 [318 P.2d 753], constitutes direct evidence of falsity. At the perjury trial the defendant was asked whether, in response to the judge's questioning in the grand theft and forgery case, he gave the answer: "I did not write the name 'Rita Burney' on there," and he replied: "Yes, sir, because I didn't remember writing it." This testimony does not constitute an admission that he wrote the name "Rita Burney" on the check; does not prove that his testimony in the grand theft and forgery case was false; and in no way is incompatible with his innocence of the charge contained in the information. The defendant was not charged with swearing falsely that *he remembered* he did not write the name "Rita Burney." Instead he is charged with swearing falsely that he did not write this name. To establish that charge it must be proven, by the statutorily required quantity and

quality of evidence, that he did write that name. The testimony in question does not do so.

The question presented to this court is not whether the evidence in the case at hand is sufficient to sustain a conviction under the general rule governing the quantity and quality of evidence in most cases; weighed by that rule the evidence is amply sufficient; but the question presented here is whether the evidence before us is sufficient to sustain a conviction of perjury when measured by the rule particularly prescribed by statute for perjury cases. (*People* v. *O'Donnell, supra,* 132 Cal.App.2d 840, 845; *People* v. *Burcham, supra,* 69 Cal.App. 614, 619; *People* v. *De Martini,* 50 Cal.App. 109, 112 [194 P. 506]—a "higher measure of proof than [is required by] any other crime known to the law, treason alone excepted.") When so measured, the evidence does not sustain an implied positive finding on an essential element of perjury, i.e., that the sworn statement of the defendant was false; the evidence upon that issue was wholly circumstantial and, therefore, does not support the conviction.

FAILURE TO INSTRUCT

The court did not instruct the jury respecting the evidentiary requirements prescribed by section 1103a of the Penal Code. Even though the defendant did not request such an instruction, this failure constituted error. (*People* v. *Warren,* 16 Cal.2d 103, 116-117 [104 P.2d 1024]; *People* v. *Katcher,* 97 Cal.App.2d 209, 216 [217 P.2d 757]; *People* v. *Curran,* 24 Cal.App.2d 673, 676 [75 P.2d 1090]; *People* v. *Heddens,* 12 Cal.App.2d 245, 247 [55 P.2d 230]; *People* v. *Carter,* 131 Cal.App. 177, 184-185 [21 P.2d 129].) At his request, the court instructed the jury that the falsity of the defendant's statement "must be proved by direct, rather than circumstantial evidence." On the other hand, at the request of the People the court instructed the jury that:

"Two classes of evidence are recognized and admitted in courts of justice, upon *either* or both of which, juries lawfully may base their findings, whether favorable to the people or to the defendant. . . . One type of evidence is known as direct and the other as circumstantial . . ." (emphasis added) and

" [Y]ou are not permitted, on circumstantial evidence alone, to find the defendant guilty of the crime charged against him *unless* the proved circumstances not only are consistent with the hypothesis that the defendant is guilty of the crime, but are irreconcilable with any other rational conclusion." (Emphasis added.)

The instructions as given were contradictory and confusing.

The People concede that the court should have instructed the jury with respect to the requirements prescribed by section 1103a of the Penal Code but contend that this error was not prejudicial; that the result would have been the same even though the omitted instruction had been given. Although we believe that this contention is not well taken, in view of our decision respecting the insufficiency of the evidence to support the conviction, which requires a reversal, we need not dwell upon the matter.

## OTHER CONTENTIONS BY DEFENDANT

The defendant has raised other contentions which we do not believe are meritorious. Nevertheless, in the event of another trial the contentions so made again will be presented; therefore, it is proper to pass upon them at this time.

The defendant claims that the endorsement of the check by Rita Burney was not essential to its payment; that proof of the falsity of such endorsement was not material to the grand theft and forgery case; that any false statement by the defendant in that case with respect to that endorsement involved an immaterial fact and, for this reason, did not constitute perjury, citing *People* v. *Brophy,* 49 Cal.App.2d 15, 24 [120 P.2d 946] and *In re Valencia,* 84 Cal.App. 26 [259 P. 116].

The defendant's testimony that he did not sign the name "Rita Burney" which appears as an endorsement on the check was material to the issues in the grand theft and forgery case even assuming the questioned endorsement was not a necessary prerequisite to payment of the check. The defendant endorsed on the check the name of the payee, i.e., "Estate of Wyman H. Burney"; testified that he did so because many times the person cashing a check payable to an estate fails to make the proper endorsement; if he signed the name "Rita Burney" which also was endorsed on the check, his reason for doing so was material to his intention in signing the name of the designated payee; and, therefore, his testimony with respect to the "Rita Burney" endorsement was material to the issue of intent to defraud which was an essential element of the offense charged in the perjury case. Moreover, the defendant also was charged with grand theft, and the inquiry as to whether he had endorsed Mrs. Burney's name on the check was pertinent to a consideration of his story that he made a loan of the money in question from her.

"The ordinary test of materiality is whether the

testimony given could have probably influenced the tribunal before which the cause was being tried, upon the issue involved therein." (*People* v. *Barry, supra,* 153 Cal.App.2d 193, 209 [314 P.2d 531]; *cf. People* v. *Macken, supra,* 32 Cal.App.2d 31, 39 [89 P.2d 173]; *People* v. *Albert,* 91 Cal.App. 774, 776 [267 P. 587]; *People* v. *Dunstan,* 59 Cal.App. 574, 578 [211 P. 813]; *People* v. *Phillips,* 56 Cal.App. 291, 293 [205 P. 40].)

Measured by this test the testimony in question was material.

 The defendant also claims that the verdict in the grand theft and forgery case finding him not guilty is res judicata as to the issue of forgery in the instant case; is conclusive proof that he did not forge the name "Rita Burney"; and, therefore, as a matter of law, negatives the charge that his testimony in the former case was false. This contention is contrary to the rule of law applied in this state (*People* v. *Housman,* 44 Cal.App.2d 619, 623 [112 P.2d 944]), which follows the majority view in the premises. (37 A.L.R. 1290, 15 Am.Jur., § 368, p. 45.) The theory that an acquittal of a defendant in a criminal case is a finding in his favor on every issue presented by that case "is not supported by reason or the common knowledge of mankind." (*People* v. *Housman, supra,* 44 Cal.App.2d 619, 623.) The verdict in the forgery case may have been based solely on a finding that any action of the defendant in the premises was not done with an intent to defraud Mrs. Burney. Such a conclusion would be determinative of that case even though the jury did not reach a conclusion as to whether the defendant did or did not sign Mrs. Burney's name to the check. The contention in question is without merit.

The judgment and order appealed from are reversed.

Shepard, Acting P. J., concurred.