[No. A082347. First Dist., Div. Five. Apr. 15, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT WAYNE TROTTER, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, part II of this opinion is not certified for publication.

**COUNSEL**

Marylou Hillberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivlin and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HANING, J.**—Robert Wayne Trotter appeals his conviction by jury trial of vehicle theft (Veh. Code, § 10851, subd. (b)), perjury (Pen. Code, § 118), and theft by false pretenses (Pen. Code, § 532). The court found true a prior robbery conviction (Pen. Code, §§ 667.5, subd. (b); 667, subds. (d) & (e), 1170.12). He contends the court improperly instructed the jury on the

requirements of proof of perjury, and permitted an amendment to the information to allege the prior strike conviction under the "Three Strikes" law after the jury was discharged.

## BACKGROUND

On September 28, 1996, Gerald Robert Cuff returned from vacation and discovered that his 1929 Ford Model A pickup truck had been stolen from a fenced yard at his Sonoma equipment company. Also missing was the truck's certificate of title listing him as the registered owner, which Cuff had last seen on his desk a week or two prior thereto. Cuff's employee, Edward Vladyka, saw the truck in the yard when he left work at 3:00 p.m. on September 26, and noticed it gone the next day.

On September 27, 1996, appellant told William Hodges, owner of Heavenly Car Rental and Repair (Heavenly) in Vallejo, that he had won the truck, and sold it to Hodges for $1,000 plus a Cadillac. Two wires hung down from the truck's ignition, and appellant explained to Hodges that the keys were lost. At Hodges's request appellant supplied a Department of Motor Vehicles (DMV) registration for the truck, and said he would forward him the certificate of title.

Ten days later Vallejo Police Detective Kevin Bartlett spotted the stolen truck parked in front of Heavenly. Hodges gave him a bill of sale for the truck and appellant's California identification card. Appellant's girlfriend gave Hodges a copy of the truck's new certificate of title which had come in the mail. Appellant's signature is located within a box on the certificate of title as the "transferee/buyer," certifying under penalty of perjury that the odometer reading reflects the actual mileage. The certificate of title also bears typewritten information including Cuff's name and address as the registered owner, the vehicle number, license plate, and transfer date. Under this typewritten information is the signature "Robert G. Cuff," certifying under penalty of perjury that the signature "releases interest in the vehicle," and next to it the handwritten date "9/18/96."

The signature "Robert G. Cuff" as the registered owner on the certificate of title was not that of Cuff, who signs his name "Gerald Robert Cuff."

*The Defense*

Appellant denied stealing the truck, and testified that he won it in a pool game from a stranger named "Robert" "around the end of September." After the game "Robert" showed appellant the truck's certificate of title, which

was signed "Robert G. Cuff." The "Robert" with whom appellant allegedly played pool represented himself as Robert Cuff. After the game appellant went to the DMV and registered the truck in his name. The next day he discovered the truck was leaking oil, and sold it to Hodges. Appellant said the truck started with a key when he acquired it from "Robert" and when he sold it to Hodges.

On cross-examination appellant said that on the advice of DMV personnel he noted on the vehicle transfer form that he acquired the truck as a gift. He also said that since the certificate of title stated the transfer date as September 18, 1996, that date must have been the date of the pool game and the date he received the truck. He admitted a 10-year-old prior conviction of second degree burglary.

The prosecution's position was that the perjury consisted of appellant's presentation of the truck's certificate of title to the DMV after forging the name "Robert G. Cuff" as "signature of registered owner," thereby certifying under penalty of perjury that he was the truck's registered owner.

## DISCUSSION

### I

Appellant contends the court erroneously failed to instruct the jury, sua sponte, with CALJIC No. 7.23 (6th ed. 1996), which states: "The falsity of defendant's statement[s] may be established by direct or circumstantial evidence. However, the defendant may not be convicted of perjury where the only proof of the falsity of the statement[s] is the testimony of one witness which contradicts defendant's statement[s]."

The elements of perjury are a willful statement, made under oath, of any material matter which the declarant knows to be false. (Pen. Code,[2] § 118, subd. (a).) Proof of perjury requires corroboration; section 118, subdivision (b) provides: "No person shall be convicted of perjury where proof of falsity rests solely upon contradiction by testimony of a single person other than the defendant. Proof of falsity may be established by direct or indirect evidence." The court has a sua sponte duty to instruct on the corroboration requirement of section 118, and the failure to do so is error. (See *People v. Di Giacomo* (1961) 193 Cal.App.2d 688, 698-699 [14 Cal.Rptr. 574]

---

[2]Unless otherwise indicated, all further section references are to the Penal Code.

[construing instruction regarding corroboration requirement of former section 1103a, which contained language identical to section 118, subdivision (b)].)[3]

Citing the court's instruction that testimony by one credible witness is sufficient for proof of any fact to which the witness testifies (CALJIC No. 2.27), appellant argues that the instructional error led the jury to believe it could convict him of perjury based on Cuff's uncorroborated testimony that Cuff did not sign the certificate of title. However, this argument misses the issue. It is undisputed that the signature of "Robert G. Cuff" on the certificate of title is not that of Cuff, and Cuff's testimony alone is sufficient to establish that fact. The question for the jury was whether appellant was the party who forged Cuff's signature on the certificate of title, thereby falsely representing himself under penalty of perjury as the registered owner of the stolen truck.

We agree with the People that no error occurred, because the corroboration instruction (CALJIC No. 7.23) was not required under the circumstances of this case. The focus of the corroboration requirement in the perjury statute is on the falsity of the statement, and not the identity of the perjurer. The corroboration requirement for perjury applies only "where *proof of falsity* rests solely upon contradiction by testimony of a single person other than the defendant. *Proof of falsity* may be established by direct or indirect evidence." (§ 118, subd. (b), italics added.) The language of CALJIC No. 7.23 simply repeats this focus: "[T]he defendant may not be convicted of perjury where the only *proof of the falsity of the statement[s]* is the testimony of one witness which contradicts defendant's statement[s]." (Italics added.) Indeed, the Use Note to CALJIC 7.23 (6th ed. 1996) at page 346 states: "This instruction is designed for use in cases in which the *falsity* of defendant's allegedly perjurious statement is sought to be proved . . . ." (Italics added.)

The corroboration requirement assumes that the defendant has made a statement under oath, and the issue for resolution is the veracity of that statement. In the instant case appellant admits submitting to the DMV the certificate of title with the forged signature of Cuff thereon. He concedes that Cuff's signature is a forgery, but denies that he was the party forging the signature, or being aware of the forgery. Appellant's attorney stressed this during his closing argument, telling the jury, "Whoever signed [the certificate of title] stole [the truck]. And let me ask you right now, is that

---

[3]Former section 1103a was repealed in 1989 and reenacted as section 118, subdivision (b). (Stats. 1990, ch. 950, § 2, p. 4025; see Historical and Statutory Notes, 47 West's Ann. Pen. Code (1999 supp. pamp.) foll. § 118, p. 54; *People* v. *Alcocer* (1991) 230 Cal.App.3d 406, 412 & fn. 2 [282 Cal.Rptr. 5].)

[appellant's] signature? Yes or no? Is it [appellant's] signature on that title? Because if that's his signature on the title and the evidence supports that, well, he's guilty of everything and you can stop right there. [¶] But you don't know whose signature it is. . . . It was somebody else who was trying to start the car."

Since the false nature of the signature under penalty of perjury on the certificate of title was not disputed and therefore not in issue, CALJIC No. 7.23 was not required.

## II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment imposing enhancement of the perjury conviction with a prior strike is reversed. The trial court shall prepare and forward to the Department of Corrections an amended abstract of judgment showing the prior offense as a one-year enhancement. The judgment is otherwise affirmed.

Jones, P. J., and Stevens, J., concurred.

A petition for a rehearing was denied May 14, 1999.

---

*See footnote 1, *ante*, page 436.